MARY LOUISE GALLAGHER *v.* JOHN L. GALLAGHER
(4211)

DUPONT, C. J., BORDEN and SATTER, Js.

Submitted on briefs May 6—decision released July 14, 1987

*Joseph Mitchell Kaye, Maureen D. Dennis* and *William M. Sullivan, Jr.,* filed a brief for the appellant (plaintiff).

*C. Ian McLachlan* and *William T. FitzMaurice* filed a brief for the appellee (defendant).

SATTER, J. This is an appeal from orders entered on two postjudgment motions heard at the same time in a domestic relations matter. On one motion, the trial court, *Novack, J.,* found that the defendant husband was not in contempt of court for failing to pay a specified amount of college expenses of the parties' children

"forthwith," as previously ordered by another judge, *Gerety, J.,* and allowed the defendant additional time to pay the balance due. On the second motion, the trial court ordered the defendant to pay an additional $5000 in two installments toward the children's college expenses.

The plaintiff appeals on the grounds that the trial court erred (1) in rescinding the order of another judge that the defendant pay college expenses "forthwith," (2) in not requiring that the defendant pay an amount for college expenses that was more commensurate with his financial ability and at a time when those expenses would be incurred, and (3) in failing to consider evidence concerning the defendant's earnings in prior years. We conclude that none of these claims of error has merit.

The facts are as follows: The dissolution judgment, entered on May 20, 1980, incorporated by reference a separation agreement between the parties which provided that "the Husband shall provide college education for the children of the marriage, if he is financially able . . . . In the event any question arises as to his financial ability, the court shall determine the same." The agreement recited that the defendant then had an annual income of $80,000.

On June 20, 1984, the parties stipulated to an order that the defendant contribute $5000 for college expenses in 1984 based on his income of $120,000. The order further provided: "In 1985, he is also to make a contribution in the same amount providing his income does not exceed $135,000 in 1984. If it exceeds $135,000, plaintiff reserves the right to petition for a higher contribution . . . for the 1985 calendar year."

When the defendant had not paid the $5000 contribution for 1985 by March of that year, the plaintiff filed a motion that requested the court set when and how much the defendant should pay for the 1985 college

expenses. On April 29, 1985, the court, *Gerety, J.*, ordered that the defendant pay the minimum commitment of $5000 "forthwith." Two days later, the plaintiff filed a motion for contempt. That motion, along with the plaintiff's motion that the defendant make an additional contribution for college education, came before Judge Novack on May 24, 1985.

The court heard extensive evidence concerning the defendant's income and financial condition. As to the contempt motion, it found that the defendant had already paid $2000, leaving a balance of $3000 owed on Judge Gerety's order. It further found that "the defendant's inability to obey the court's order was without fault on his part and, therefore, the court did not find the defendant to be in contempt." The court did, however, order the defendant to pay the $3000 by July 15, 1985, on the basis of its conclusion that the defendant would be financially able to do so by that date.

As to the motion to increase the defendant's obligation to pay for college expenses in 1985, the court found that the defendant's 1984 income exceeded by $12,000 the base amount of $135,000, stated in the June, 1984 order, and consequently ordered that the defendant pay an additional $5000. Taking into account when the defendant would receive his salary, commissions, and bonuses, the court ordered that the $5000 be paid half in September and half in December, 1985.

I

The plaintiff's first claim of error is that Judge Novack improperly rescinded Judge Gerety's order of April 29, 1985, that the $5000 be paid "forthwith," by allowing the defendant to pay the balance of $3000 on July 15, 1985. The plaintiff asserts that Judge Gerety's order was a final judgment; since the defendant had made no motion to reopen, set aside or modify it, the

court could not do so on its own initiative. The plaintiff relies principally on *Connolly* v. *Connolly,* 191 Conn. 468, 464 A.2d 837 (1983), and *Costello* v. *Costello,* 186 Conn. 773, 443 A.2d 1282 (1982).

In *Connolly,* the court held that when the motion before it was to increase alimony, the court could not terminate alimony. In *Costello,* the court held that when a trial court had approved a separation agreement, it could not, sua sponte, modify the provisions of the agreement.

The motion before Judge Novack was to hold the defendant in contempt for failing to comply with Judge Gerety's order. The issue was whether or not there was a "wilful disobedience" of the order. *Connolly* v. *Connolly,* supra, 483. The court heard evidence of the defendant's financial condition and concluded that the defendant's inability to comply was without fault on his part. "It is within the sound discretion of the court to deny a claim for contempt when there is a factual basis to explain the failure to honor the court's order." *Marcil* v. *Marcil,* 4 Conn. App. 403, 405, 494 A.2d 620 (1985). The power of a domestic relations court to act equitably "is the keystone to the court's ability to fashion relief in the infinite variety of circumstances which arise out of the dissolution of a marriage." *Pasquariello* v. *Pasquariello,* 168 Conn. 579, 585, 362 A.2d 835 (1975).

Judge Novack did not reduce the amount that Judge Gerety ordered to be paid. Rather, finding the defendant unable to fully pay it forthwith, Judge Novack allowed the defendant the reasonable period of three weeks to do so. This is the typical way contempt matters are handled in domestic relations cases. It is consistent with the equitable character of such proceedings.

## II

The plaintiff's second claim is that the trial court erred in ordering the defendant to pay only an additional $5000 toward the 1985 college expenses when his 1984 net income was $147,000.

In reviewing alimony awards we recognize that trial courts have a distinct advantage over an appellate court in perceiving the demeanor and attitudes of the parties and all the surrounding circumstances. *Tutalo* v. *Tutalo,* 187 Conn. 249, 251, 445 A.2d 598 (1982). The ultimate issue for an appellate court is whether or not the trial court could have reasonably concluded as it did. *Pasquariello* v. *Pasquariello,* supra, 584. In that regard, every presumption is given in favor of the correctness of its action. *Gallo* v. *Gallo,* 184 Conn. 36, 44, 440 A.2d 782 (1981).

The 1984 order, entered by stipulation of the parties, provided that the defendant could be required to make an additional contribution in 1985 if his 1984 income exceeded $135,000. That order was not appealed. The court was thus required to focus on an increase in his income above $135,000. The court found that the defendant's 1984 income was $147,000. It balanced the $12,000 excess against the defendant's expenses and concluded that he was "financially able to contribute an additional $5000."

The trial court also ordered that that sum be paid in two equal installments, in September and December, 1985. Although the plaintiff claimed tuition payments were due in early August, 1985, the court set the payment dates based on when the defendant received his salary, commissions and bonuses. We conclude that on all facts before the trial court, it could reasonably have determined as it did.

## III

Finally, the plaintiff claims that the trial court erred in not considering evidence as to the defendant's past earning capacity and prior years income. The court's rulings on this issue "fall within its broad discretionary power to determine the relevancy or remoteness of evidence." *Hardisty* v. *Hardisty,* 183 Conn. 253, 257, 439 A.2d 307 (1981).

There is no error.

In this opinion the other judges concurred.