ROSALINE STERNBERG ET AL. *v.* CHERYL INFANTE
(5425)

SPALLONE, BIELUCH and STOUGHTON, Js.

Argued December 16, 1987—decision released February 16, 1988

*Gerald M. Gaynor,* with whom was *Jean Marie Riccio-Ryan,* legal intern, for the appellant (defendant).

*Richard L. Albnecht,* with whom, on the brief, was *William F. Askinazi,* for the appellees (plaintiffs).

SPALLONE, J. The defendant appeals from the judgment rendered, after a trial to the court, awarding the plaintiffs specific performance of a contract for the sale of real estate.

The defendant claims that the trial court erred (1) in finding that the binder agreement between the plaintiffs and the defendant satisfied the requirements of a "written memorandum" under the statute of frauds, (2) in finding that the plaintiffs did not breach the terms of the binder agreement, and (3) in finding against the defendant on her counterclaim, which claimed damages stemming from the plaintiffs' filing of a lis pendens against the defendant's property. We find no error.

The following facts are pertinent to this appeal. The plaintiffs and the defendant entered into a binder agreement containing the terms of sale accepted by the parties for the purchase and sale of the defendant's condominium which was described therein as "136B Abner Court." The binder also contained a clause which indicated that the plaintiffs were to sign a contract of sale by Thursday, December 5, 1985. The contract did not expressly state that time was to be "of the essence." Because the plaintiffs did not sign the contract until December 6, 1985, the defendant refused to convey the property. The plaintiffs thereafter filed suit against the defendant and caused a lis pendens to be recorded upon the land records, thereby encumbering the title to the premises. The defendant filed a counterclaim against the plaintiffs claiming damages resulting from the fil-

ing of the lis pendens by the plaintiffs.[1] After a trial to the court, judgment was rendered on the complaint in favor of the plaintiffs, who were granted specific performance, and against the defendant on her counterclaim. This appeal followed.

The defendant first claims that the description of the property contained in the binder was inadequate; therefore, the agreement could not be considered a "written memorandum" sufficient for the statute of frauds. The defendant alleges that the description of the property was inadequate because, although the condominium was identified as "136B Abner Court," the binder agreement did not contain the name of the specific town or city where the real estate was located. The trial court heard testimony that the property was located in Bridgeport, Connecticut. The defendant did not object at trial to the introduction of the parol evidence regarding the location of the property nor was any objection raised when this same information was elicited on cross-examination of the defendant. We refuse to consider this claim because it was not properly preserved at trial. Our rules of practice require that in order to preserve a ground for appeal, counsel must object to the court's ruling on the admission of evidence, state the grounds upon which the objection is made and take exception to the ruling. Practice Book § 288. These requirements are not simply formalities. *State* v. *Rogers,* 199 Conn. 453, 461, 508 A.2d 11 (1986). They serve to alert the court to potential error while there is still time to act. *State* v. *Jones,* 193 Conn. 70, 88, 475 A.2d 1087 (1984).

[1] The defendant had entered into a second binder agreement with a third party who sued the defendant on the basis of a breach of that binder. The defendant's counterclaim against the plaintiffs was based upon the plaintiffs' allegedly wrongful filing of the lis pendens causing the defendant to be sued by the third party. The present case and the defendant's suit with the third party were tried together; however, the case between the defendant and the third party is not part of this appeal.

We are loath to assign error to a court's evidentiary ruling on the basis of objections never raised at trial. *State* v. *Brice,* 186 Conn. 449, 457, 442 A.2d 906 (1982). As counsel failed to object to the introduction of the parol evidence at the trial, the trial court was justified in considering the evidence when interpreting whether the binder in this case complied with the statute of frauds. See, e.g., *Pigeon* v. *Hatheway,* 156 Conn. 175, 182, 239 A.2d 523 (1968); *Gendelman* v. *Mongillo,* 96 Conn. 541, 544, 114 A. 914 (1921); *McMahon* v. *Plumb,* 88 Conn. 547, 552, 92 A. 113 (1914). The trial court did not, as a matter of law, act erroneously in finding and concluding that the binder agreement satisfied the statute of frauds.

The defendant's second claim of error, that the court erred in finding that the plaintiffs did not breach the the binder agreement, must also fail. The court adequately considered the applicable law when it found that time was not of the essence in the binder agreement between the parties, and that the intention of the parties should be interpreted as requiring compliance within a reasonable time of the date or time specified. *Kakalik* v. *Bernardo,* 184 Conn. 386, 392–94, 439 A.2d 1016 (1981). The phrase "time is of the essence" does not appear in the binder agreement and the fact that a date certain is fixed in the agreement does not make time of the essence. *Ravitch* v. *Stollman Poultry Farms, Inc.,* 165 Conn. 135, 148, 328 A.2d 711 (1973). The evidence discloses that the plaintiffs signed the contract on December 6, one day after the date called for in the binder. The trial court's express findings—that the date selected for the signing, December 5, was an arbitrary date chosen by the parties and that the critical date was the closing date established as January 3, 1986—cannot be found to be clearly erroneous. Practice Book § 4061. A delay of one day in the signing of the contract by the plaintiffs is not unreasonable.

*Grenier* v. *Compratt Construction Co.,* 189 Conn. 144, 151, 454 A.2d 1289 (1983) (ten day delay not unreasonable); *John J. Brennan Construction Corporation, Inc.* v. *Shelton,* 187 Conn. 695, 713, 448 A.2d 180 (1982) (one day delay in rejecting bid not unreasonable).

There is no merit to the defendant's final claim of error that the trial court erred in finding for the plaintiffs on the defendant's counterclaim. The plaintiffs' filing of the lis pendens was in conjunction with the filing of the complaint upon which they prevailed. The fact that the plaintiffs were awarded judgment on their complaint supports the propriety of the lis pendens and fully justifies the judgment against the defendant on her counterclaim.

We hold that the trial court's determinations—that the binder agreement between the parties satisfied the statute of frauds, that time was not of the essence as to when the contract was to be signed, and that judgment should be rendered for the plaintiff—were fully justified under the facts and circumstances of this case and reflected an appropriate application of the law.

There is no error.

In this opinion the other judges concurred.