## Karen Greene *v.* Richard Greene
## (5074)

Daly, Norcott and Foti, Js.

Argued December 8, 1987—decision released February 23, 1988

*Charles T. Busek,* for the appellant (defendant).

*Robert K. Lesser,* with whom, on the brief, was *Toby M. Schaffer,* for the appellee (plaintiff).

Foti, J. The defendant appeals from the granting by the trial court of the plaintiff's motion to modify that portion of the judgment of dissolution relating to alimony. The issues raised on appeal are that the court

erred (1) in finding a change of circumstances to be unforeseen,[1] (2) in finding that the plaintiff had unmet needs that required an increase in alimony, (3) in awarding counsel fees to the plaintiff, (4) in its conduct of the trial, and (5) in failing to rule on the plaintiff's motion to open. We find no error.

The parties' marriage was dissolved in 1980. The dissolution decree incorporated by reference an oral stipulation of the parties. The defendant was ordered to pay alimony in the amount of $8000 per year payable in monthly installments until the plaintiff's death or remarriage. The stipulation provided that the plaintiff would receive her purported interest in Data Switch Company (Data Switch), which was founded by the defendant in 1977, in the amount of $126,000 lump sum alimony to be paid in 1986 or upon the refinance of a small business administration loan held by the company. The stipulation further provided that there could be no motion for modification unless the defendant earned more than $36,000 per year or the plaintiff earned more than $15,000 per year.

At the time of the dissolution, the defendant had been the chairman of the board and president of Data Switch; his annual income had been approximately $27,000. In 1982, Data Switch stock was publicly offered, greatly increasing the defendant's net worth. The defendant's

[1] We note that General Statutes § 46b-86 (a) which provides for modification of alimony or support "upon a showing of a substantial change in the circumstances of either party," has been repealed and substituted by Public Acts 1987, No. 87-104, which provides in relevant part that after the dissolution of a marriage "modification may be made upon a showing of such substantial change of circumstances, *whether or not such change of circumstances was contemplated at the time of dissolution.* By written agreement, stipulation or by decision of the court, those items or circumstances that were contemplated and are not to be changed may be specified in the written agreement, stipulation or decision of the court." (Emphasis added.) This act was not effective until October 1, 1987. See *Labow* v. *Labow,* 13 Conn. App. 330, 344–45 n.5, 537 A.2d 157 (1988).

earnings rose to $125,000 annually and by October, 1985, his assets were valued between $14,000,000 and $18,000,000. At that time, the plaintiff demanded and received an accelerated payment of $126,000 for her stock interest.

The court found that the public offering which occurred approximately two years after the dissolution was not reasonably foreseeable. The court found "that the general economic climate at the time of the divorce, as well as the economic status of Data Switch itself was too speculative to reasonably foresee what would happen some two years later." The court further found that the agreement itself contained a "second look" provision allowing for a reconsideration of the alimony if either party's income changed substantially.

I

The defendant first claims that the court erred in concluding that the defendant's change in circumstances was unforeseeable.

It is well established that the action of the trial court will not be disturbed unless the court has abused its discretion or its finding has no reasonable basis in the facts. *Rose* v. *Rose,* 10 Conn. App. 391, 393, 523 A.2d 914 (1987). It is also well settled that this court will not substitute its judgment for that of the trial court. *Gallagher* v. *Gallagher,* 11 Conn. App. 509, 514, 528 A.2d 379 (1987); *Vanderlip* v. *Vanderlip,* 1 Conn. App. 158, 159, 468 A.2d 1253 (1984). "We decide, not whether we would have drawn the same inferences or found the same facts, but whether the trial court could have reasonably done so. *Grayson* v. *Grayson,* 4 Conn. App. 275, 294, 494 A.2d 576 (1985), appeal dismissed, 202 Conn. 221, 520 A.2d 225 (1987)." *Schofield* v. *Schofield,* 12 Conn. App. 521, 523–24, 532 A.2d 587 (1987).

In this case, we cannot conclude that the court's finding that the parties had not contemplated the defendant's increase in earnings and net worth due to the public offering of the stock had no reasonable basis in fact. The court concluded that the offering itself was only thought of in a generalized way prior to the dissolution, and that the discussions regarding public offerings were hopes and dreams, but not a realistic or a contemplated plan. This conclusion had a sufficient basis in the evidence presented.

## II

The defendant's second claim is that the court erred in finding that the plaintiff had unmet needs which required an increase in alimony from $8000 per year to $42,000 per year.

The court reached this conclusion after finding that the plaintiff had depleted her assets by approximately $57,000 from the time of the dissolution. In reviewing the factual findings of the trial court, we limit our review to whether those findings are clearly erroneous. Practice Book § 4061; *Cookson* v. *Cookson,* 201 Conn. 229, 243, 514 A.2d 323 (1986). Our role in this review is limited to determining whether the trial court's findings are " ' "unsupported by the record, incorrect, or otherwise mistaken." ' " *Lupien* v. *Lupien,* 192 Conn. 443, 445, 472 A.2d 18 (1984), quoting *Kaplan* v. *Kaplan,* 186 Conn. 387, 392, 441 A.2d 629 (1982). There is nothing in the record here that supports the defendant's claim that the court's findings were clearly erroneous. Rather, it is evident from the record that the trial court properly considered the statutory criteria enumerated in General Statutes § 46b-82,[2] and took all of these fac-

[2] General Statutes § 46b-82. (Formerly Sec. 46-52) provides: "ALIMONY. At the time of entering the decree, the superior court may order either of the parties to pay alimony to the other, in addition to or in lieu of an award pursuant to section 46b-81. The order may direct that security be

516

tors into consideration in arriving at its determination. *Noce* v. *Noce,* 181 Conn. 145, 149, 434 A.2d 345 (1980).

## III

The defendant next claims that the court erred in awarding counsel fees from the defendant in the amount of $5000 to the plaintiff to defend this appeal.

The trial court may, pursuant to General Statutes § 46b-62, award counsel fees to a party in a dissolution action in accordance with their respective financial abilities and the criteria set forth in § 46b-82. *Holley* v. *Holley,* 194 Conn. 25, 34, 478 A.2d 1000 (1984). " 'That a party has sufficient funds to pay the attorney does not preclude an award for counsel fees. *Arrigoni* v. *Arrigoni,* 184 Conn. 513, 519, 440 A.2d 198 (1981). Rather, the question the court must address is whether the defendant had ample liquid funds to pay counsel fees. *Koizim* v. *Koizim,* 181 Conn. 492, 435 A.2d 1030 (1980)." *Eldridge* v. *Eldridge,* 4 Conn. App. 489, 494, 495 A.2d 283 (1985). In determining whether a party has "ample liquid funds" to pay counsel fees the trial court must examine the total financial resources of the parties in light of the statutory criteria. *Venuti* v. *Venuti,* 185 Conn. 156, 163, 440 A.2d 878 (1981). "The allowance and amount of counsel fees is left to the exercise of judicial discretion, and the availability of funds

given therefor on such terms as the court may deem desirable, including an order to either party to contract with a third party for periodic payments or payments contingent on a life to the other party. In determining whether alimony shall be awarded, and the duration and amount of the award, the court shall hear the witnesses, if any, of each party, except as provided in subsection (a) of section 46b-51, shall consider the length of the marriage, the causes for the annulment, dissolution of the marriage or legal separation, the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate and needs of each of the parties and the award, if any, which the court may make pursuant to section 46b-81, and, in the case of a parent to whom the custody of minor children has been awarded, the desirability of such parent's securing employment."

with which to pay the attorney's fees of the spouse claiming the allowance is not an absolute standard for denying the award. *Anderson* v. *Anderson,* 191 Conn. 46, 59, 463 A.2d 578 (1983); *Fitzgerald* v. *Fitzgerald,* 190 Conn. 26, 30, 459 A.2d 498 (1983)." *Lev* v. *Lev,* 10 Conn. App. 570, 574, 524 A.2d 674 (1987). Further, a posttrial award of attorney's fees to defend an appeal is allowable. *Friedlander* v. *Friedlander,* 191 Conn. 81, 87–88, 463 A.2d 587 (1983). We find no abuse of discretion in the court's award of attorney's fees to defend this appeal.

## IV

The defendant's remaining claims require little discussion. The court did not err or abuse its discretion by hearing this matter over a long period of time in order to accommodate the parties, nor in asking questions of certain witnesses to clarify points raised. Nor is there any merit to the defendant's claim that the court erred in viewing a newspaper article, which was not in evidence, detailing the losses sustained by Data Switch. There is no record of the defendant ever objecting to the court's viewing of the article; it is axiomatic that claims of error must ordinarily be preserved at trial, in order to afford full appellate review. Practice Book § 288; see also *Sternberg* v. *Infante,* 13 Conn. App. 473, 537 A.2d 523 (1988).

Finally, the defendant's claim that the trial court erred by failing to rule on the plaintiff's motion to open and the defendant's opposition to that motion, is meritless. The plaintiff's motion to open sought essentially the same relief that she sought in her motion to modify. The court, therefore, impliedly denied the motion to open when it granted relief under the latter motion.

There is no error.

In this opinion the other judges concurred.