PRISCILLA CATTANEO *v*. DAVID CATTANEO
(7044)

DUPONT, C. J., O'CONNELL and FOTI, Js.

Argued April 11—decision released July 18, 1989

*P. Hurley Bogardus, Jr.,* for the appellant (defendant).

*William H. Cashman,* for the appellee (plaintiff).

DUPONT, C. J. The defendant appeals from the judgment of the trial court granting the plaintiff's motion to clarify and denying the defendant's motion to modify an earlier judgment of dissolution. The defendant claims that the trial court erred (1) in considering and relying on mistaken facts and evidence outside the record in deciding both motions, (2) in denying the defendant's motion to modify, and (3) in granting the plaintiff's motion to clarify.

The marriage of the parties was dissolved by judgment of the court dated January 8, 1981. The parties stipulated to all matters concerning their five minor children, alimony, and disposition of their property. Pursuant to the judgment of dissolution, the defendant was required to pay, as unallocated alimony and child support, the sum of $3600 per month from February 1 to December 31, 1981, and the sum of $3200 from January 1, 1982, to March 8, 1990, at which time all payments would cease. In addition, the judgment provided that "each of the parties is to contribute according to his or her respective financial ability to the cost of a four year college education for each of the minor children."

On June 24, 1987, the plaintiff filed a motion for clarification and for further order of the court, requesting that the original order of dissolution be clarified to state the specific extent to which the defendant was required to contribute to the children's college education and sought an order as to that specific sum or percentage. The motion alleged that the older of the two children residing with the plaintiff had been accepted at a four year college and that the defendant had refused to pay for any portion of that child's college education.[1]

On September 4, 1987, the defendant filed a motion to modify the original judgment, claiming that there had been substantial, unanticipated changes in the circumstances of the parties since the original judgment of dissolution and that such changed circumstances required a modification of the terms and conditions of the unallocated alimony and child support provisions of the original judgment.

The parties agreed to submit the merits of their motions to the court on the basis of briefs to be filed by each party, and on the basis of certain exhibits which included the parties' financial affidavits and the deposition of the plaintiff.

In its memorandum of decision, the trial court granted the plaintiff's motion for clarification and further order, ordering the defendant to pay 65 percent of the college tuition bills of both of the children residing with the plaintiff. The court denied the defendant's motion to modify the unallocated alimony and child support on the ground that the defendant had not demonstrated a substantial, unanticipated change in the parties' circumstances.

---

[1] The record indicates that the child's date of birth is April 8, 1969. Thus, on the date the plaintiff's motion was filed, June 25, 1987, the child had reached the age of eighteen.

Before reaching the defendant's claims of error, we must first address the issue of whether the trial court had jurisdiction to entertain the plaintiff's motion to clarify and for further order.

The plaintiff's motion to clarify and for further order involved a provision of the dissolution decree obligating the parties to contribute to the college education costs of their children to the best of their financial abilities. Thus, the provision involved the support of the parties' children beyond the age of eighteen. See footnote 1, supra.

The jurisdiction of the Superior Court with regard to orders involving postmajority child support is limited to the power to approve and incorporate written agreements concerning such support into its orders or decrees and to enforce such written agreements.[2] General Statutes § 46b-66; *Arseniadis* v. *Arseniadis*, 2 Conn. App. 239, 244, 477 A.2d 152 (1984). The trial court does not have jurisdiction to modify written agreements involving postmajority support of children without the further written agreement of both parties. *Albrecht* v. *Albrecht*, 19 Conn. App. 146, 154, 562 A.2d 528 (1989). The question here, however, does not involve modification but involves a construction or interpretation of the original written agreement.

The power to enforce an agreement involving postmajority child support may include the power to determine the amount each party is required to contribute under the terms of the agreement, if the parties' agreement contemplates such a determination by the court. See *Gallagher* v. *Gallagher*, 11 Conn. App. 509, 528 A.2d 379 (1987). In *Gallagher*, we reviewed on the merits the trial court's rulings determining the amount

[2] The record indicates that the parties' agreement as to children over the age of eighteen years was incorporated into the dissolution decree, pursuant to General Statutes § 46b-66.

due from the defendant pursuant to an agreement of the parties providing that the defendant would pay for the college education expenses of the parties' children "if he is financially able." The agreement further provided that "[i]n the event any question arises as to his financial ability, the court shall determine the same."

The agreement in the present case states that the parties are to contribute to college education costs according to their respective financial abilities. The failure of the parties to agree on the amount each is to contribute to the college education costs would render the agreement without effect unless the court's power to enforce the agreement included the power to make a determination of the amount due from each party under its terms. Although, unlike that in *Gallagher,* the agreement does not expressly contemplate a determination by the court of the amount of the monetary contribution due from each party, we conclude that it implicitly contemplates such a determination, and thus that the trial court had jurisdiction over the plaintiff's motion to clarify and for further order.[3]

The defendant's first claim of error is that the trial court abused its discretion in considering and relying on mistaken facts and on evidence outside of the record.

In granting the plaintiff's motion to clarify, the court relied upon the financial affidavits, dated November 30, 1987, filed by the parties in connection with the plaintiff's motion to clarify and the defendant's motion for modification. The court based its determination of the portion of the cost of college education to be borne by each party on a ratio of each party's gross income to

---

[3] A trial court does not have jurisdiction to issue a clarification of a post-majority child support order that has the effect of substantively modifying the terms of the order. See *Miller* v. *Miller,* 16 Conn. App. 412, 547 A.2d 922 (1988) (trial court erred in issuing clarification that had effect of substantively modifying a nonmodifiable lump sum alimony award).

their combined gross incomes. The court found that the gross incomes of the parties totaled approximately $3600 per week and that the ratio of the defendant's income to the total combined incomes was 68 percent. On the basis of that finding, the court ordered the defendant to pay 65 percent of the college education costs of the two minor children residing with the plaintiff.

The November 30, 1987 affidavits of the parties reveal that the gross wages of the parties equal $2512 per week for the defendant and $440 per week for the plaintiff. The total combined income per week, therefore, is $2952, rather than $3600 as relied on by the court. If the $738.46 per week paid by the defendant to the plaintiff as alimony and child support is calculated as both income of the defendant and income of the plaintiff, the combined gross income of the parties would total $3690.46 or approximately $3600, as found by the court.

The defendant contends that the court erred because it based its determination of the college education cost to be borne by each party on the inflated calculation of the parties' combined incomes. The defendant contends that, because of this computational error, a new hearing is required on the plaintiff's motion to clarify. We agree.

"The well settled standard of review in domestic relations cases is that the reviewing court will not disturb a trial court order unless there has been an abuse of discretion or unless the finding of the trial court has no reasonable basis in the facts." *Rose* v. *Rose,* 10 Conn. App. 391, 393, 523 A.2d 914 (1987). The trial court based its conclusion, regarding the ability of the parties to bear the cost of the children's college education and the appropriate percentage allocable to each, on the finding that the combined income of the parties

totaled $3600 per week rather than the actual combined income of $2952. This computational error necessarily flaws the court's conclusions as to the ability of the parties to bear the college education costs of their children and the appropriate percentage of the costs to be paid by each.

Although the allocation to the defendant of 65 percent of the college education costs may fall within the reasonable parameters of the court's discretion, this does not render the error harmless. See *Ehrenkranz* v. *Ehrenkranz*, 2 Conn. App. 416, 423, 479 A.2d 826 (1984). The factual underpinning of the decision is not sound. *O'Bymachow* v. *O'Bymachow*, 12 Conn. App. 113, 115–16, 529 A.2d 747, cert. denied, 205 Conn. 808, 532 A.2d 76 (1987). "A decision that *accidentally* falls within allowable limits of discretion because of a computation error by the court cannot be allowed to stand." (Emphasis added.) *Ehrenkranz* v. *Ehrenkranz*, supra, 424.

The defendant also contends that the trial court considered irrelevant evidence outside of the record in deciding his motion to modify the original judgment as to unallocated alimony and child support, and therefore a new hearing also is required on that motion.[4] We agree. In denying the defendant's motion to modify, the court concluded that "a comparison of the figures shown in the financial affidavits of the parties filed June 7, 1986, and November 30, 1987" failed to show a sufficient change of circumstances to require a modification.

---

[4] The defendant's motion to modify does not implicate the jurisdiction of the trial court with regard to postmajority child support. The defendant's motion did not seek to modify the college education provisions of the dissolution decree, but sought to modify the amount of unallocated alimony and child support paid monthly to the plaintiff which, under the terms of the decree, ceases when the parties' youngest child reaches the age of majority.

Prior to the amendment of General Statutes § 46b-86a, a party seeking modification of financial orders incident to a marital dissolution judgment, had to show a substantial and uncontemplated change in the circumstances of either party.[5] *O'Bymachow* v. *O'Bymachow,* supra, 116. Such a change in circumstances is determined by comparing the financial affidavits of the parties filed at the time of the hearing on the motion to modify with those filed at the time of the previous order. *Kaplan* v. *Kaplan,* 8 Conn. App. 114, 117, 510 A.2d 1024 (1986).

In the present case, the trial court apparently based its conclusion that a substantial unanticipated change of circumstances had not occurred by comparing the parties' affidavits filed at the time of the present motions with affidavits filed June 6, 1986, rather than

---

[5] As the trial court noted in its memorandum of decision, General Statutes (Rev. to 1987) § 46b-86 (a), which provided for modification "upon a showing of a substantial change in the circumstances of either party," was repealed and substituted by Public Acts 1987, No. 87-104, effective October 1, 1987. General Statutes § 46b-86 (a) now provides in relevant part that "modification may be made upon a showing of such substantial change of circumstances, *whether or not such change of circumstances was contemplated at the time of dissolution.* By written agreement, stipulation or by decision of the court, those items or circumstances that were contemplated and are not to be changed may be specified in the written agreement, stipulation or decision of the court." (Emphasis added.)

The trial court concluded that, because the defendant's motion to modify was filed before the effective date of Public Acts 1987, No. 87-104, the act did not apply. The trial court also noted that, even if the act applied, the stipulated agreement provided that certain changes were contemplated by the parties and were not to result in a modification of the judgment, and that any changes in circumstances that had occurred were among those stipulated by the agreement as having been contemplated.

We note that, because the amendment to General Statutes § 46b-86 (a) affects the substantive rights of parties, it is to be applied prospectively to dissolutions entered after the effective date of the act, October 1, 1987. *Darak* v. *Darak,* 210 Conn. 462, 467–470, 556 A.2d 145 (1989); *LaBow* v. *LaBow,* 13 Conn. App. 330, 344 n.5, 537 A.2d 157 (1988). Thus, because the dissolution of the marriage of the parties occurred prior to October 1, 1987, the act is inapplicable to this case.

with those filed at the time of the original dissolution order. The affidavits dated June 6, 1986, referred to by the court, do not appear to be part of the record and it is unclear where or how the court obtained them.

The plaintiff argues that the reference to a June 6, 1986 affidavit is a typographical mistake. It is not clear to us, however, that the reference is merely a typographical error. Each party is entitled to financial orders that reflect the court's discretion and are based on facts correctly elicited and the proper criteria. *Ehrenkranz* v. *Ehrenkranz,* supra.

The erroneous reference to or use of 1986 affidavits in deciding the defendant's motion to modify, rather than affidavits filed at the time of the dissolution, leads to the conclusion that a new hearing on the defendant's motion is required.

There is error, the judgment granting the plaintiff's motion to clarify and denying the defendant's motion to modify is set aside and the case is remanded for a new hearing on the motions.

In this opinion the other judges concurred.