DONALD A. MITCHELL *v.* JULIANNE MITCHELL
(8927)

DALY, O'CONNELL and FOTI, Js.

Argued February 14—decision released April 2, 1991

*Donald A. Mitchell,* pro se, the appellant (plaintiff).

*Charles F. Brower,* for the appellee (defendant).

DALY, J. The plaintiff appeals from the trial court's granting of the defendant's motion for modification of a postmajority support order and the allowance of counsel fees to defend the appeal. The following facts are necessary for the consideration of this claim.

On May 27, 1986, a judgment of dissolution was rendered incorporating the parties' executed settlement agreement. Among the provisions of the agreement were the following: The plaintiff was to contribute two thirds and the defendant one third of the actual costs for the college education of each child, not to exceed the amount then charged by the University of Connecticut; a modification and waiver of any of the provisions of the agreement would be effective only if made in writing and executed with the same formality as the original agreement; the plaintiff was to pay $150 per week in alimony and $75 per week in support of each of the two minor children; the plaintiff and the defendant each were to have the right to claim one child as a federal tax exemption on their returns each year, alternating the child claimed each year. The defendant moved to modify the judgment by a motion dated January 18, 1990, requesting relief from the postmajority tuition obligation, an increase in alimony and in support payments for the remaining minor child, and the right to claim both children as exemptions on her tax return. On February 5, 1990,[1] the trial court granted the defendant relief from her obligation to pay tuition and denied her other requests. The plaintiff appealed. In March, 1990, the defendant requested and was granted an allowance of $3500 for counsel fees to defend the appeal. The plaintiff has also appealed from the decision granting this award.

The plaintiff claims that the trial court lacked subject matter jurisdiction to modify the postmajority education order, improperly relied on outdated financial affidavits in awarding counsel fees, should have deferred making the award of counsel fees and lacked sufficient evidence concerning the reasonableness of those fees. We reverse the judgment of the trial court.

[1] The record apparently dated the order incorrectly as February 5, 1989.

General Statutes § 46b-66[2] requires agreements for the postmajority support of a child to be written. This requirement also applies to modifications of postmajority support. *Hirtle* v. *Hirtle,* 217 Conn. 394, 399–400, 586 A.2d 578 (1991). A written agreement is a jurisdictional prerequisite for a valid modification of a postmajority support agreement. Id., 400–401; *Cattaneo* v. *Cattaneo,* 19 Conn. App. 161, 164, 561 A.2d 967 (1989). Because there was no written agreement for the modification here, we conclude that the trial court lacked subject matter jurisdiction over the defendant's motion, and therefore could not modify the provisions of the parties' dissolution agreement relating to the postmajority college tuition. *Hirtle* v. *Hirtle,* supra, 399–401; *Albrecht* v. *Albrecht,* 19 Conn. App. 146, 157, 562 A.2d 528, cert. denied, 212 Conn. 813, 565 A.2d 534 (1989).

The plaintiff also claims that the trial court lacked subject matter jurisdiction to award counsel fees to the defendant. This claim is without merit because General Statutes § 46b-62[3] grants the courts this power. *Bucy* v. *Bucy,* 23 Conn. App. 98, 106, 579 A.2d 117

---

[2] General Statutes § 46b-66 provides in relevant part: "REVIEW OF AGREEMENTS; INCORPORATION INTO DECREE. In any case under this chapter where the parties have submitted to the court an agreement concerning the . . . support of any of their children . . . the court shall . . . determine whether the agreement of the spouses is fair and equitable under all the circumstances. If the court finds the agreement fair and equitable, it shall become part of the court file, and if the agreement is in writing, it shall be incorporated by reference into the order or decree of the court. . . . If the agreement is in writing and provides for the . . . support of a child beyond the age of eighteen, it may also be incorporated or otherwise made a part of any such order and shall be enforceable to the same extent as any other provision of such order or decree, notwithstanding the provisions of section 1-1d."

[3] General Statutes § 46b-62 provides in relevant part: "In any proceeding seeking relief under the provisions of this chapter . . . the court may order either spouse . . . to pay the reasonable attorney's fees of the other in accordance with their respective financial abilities and the criteria set forth in section 46b-82."

(1990). The inherent power of the court to award such an allowance to defend an appeal is well settled. Whether to grant such an allowance, or what amounts to award are entrusted to the court's sound discretion. *Benson* v. *Benson,* 5 Conn. App. 95, 100, 497 A.2d 64 (1985), and cases cited therein. In exercising its broad discretion, however, the court must consider the parties' respective financial abilities and the criteria set forth in General Statutes §§ 46b-62 and 46b-82.[4] Id. The policy underlying this allowance is that a spouse should not be deprived of his or her rights owing to lack of funds. Id.

The plaintiff argues that the trial court did not consider the criteria contained in General Statutes § 46b-82 but relied solely on the parties' financial affidavits. Although the trial court is not obligated to make express findings on each of the enumerated criteria in General Statutes § 46b-82, the court's memorandum of decision must at least reflect that those criteria were considered and weighed in view of the particular parties' circumstances. *Friedlander* v. *Friedlander,* 191 Conn. 81, 87, 463 A.2d 587 (1983); *Messina* v. *Messina,* 22 Conn. App. 136, 140–42, 576 A.2d 579 (1990). Neither the record nor the order awarding counsel fees reflects that the trial court considered the statutory criteria of General Statutes §§ 46b-62 and 46b-82.

The judgment is reversed as to the modification of support and the case is remanded with direction to deny the defendant's motion for modification and for articulation of the trial court's basis for its award of counsel fees.

In this opinion the other judges concurred.

---

[4] General Statutes § 46b-82 provides in part: "In determining whether alimony should be awarded, and the duration and amount of the award, the court shall hear the witnesses, if any, of each party . . . shall consider the length of the marriage, the causes for the annulment, dissolution of the marriage or legal separation, the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate and needs of each of the parties . . . ."