[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The marriage of the parties was dissolved on August 24, 1983. The court, Donald T. Dorsey, J., incorporated the provisions of a written agreement of even date therewith. Custody of the two minor children, Jennifer, born March 25, 1971, and Michael, born March 6, 1974, was awarded to the plaintiff wife. The provisions for alimony and support are set forth in Appendix A. A subsequent motion to modify resulted in child support of $70.00 per week per child pursuant to a written agreement accepted by the court, Morelli, J., on June 17, 1985.
There was no further file activity until a request for review from the plaintiff pursuant to General Statutes 46b-231(s)(4) resulted in the filing of the motion to modify presently before the court. The motion alleges a substantial deviation from the child support guidelines.
The comparative income data is set forth in Form JD-FM-128. The defendant father did not contest the substantial deviation, nor object to modification of the child support order to $118.00 per week for the one remaining child. The amount was recommended by the Support Enforcement Division after completion of a Child Support Guidelines Worksheet (Appendix C). The computation took into account, in addition to routine deductions, allowance for two other minor children issue of the defendant's present marriage, and an allocation of day care expenses for those children. The court finds that the agreement is in substantial accord with the child support guidelines.
The original agreement contained a provision for post-majority support for Michael. The specific provision states: "The Husband recognizes that the youngest major child shall be in high school upon reaching his majority. To this end, the Husband agrees that his support obligation for said minor child, Michael Brian Vye, shall continue until July 1, 1993."
The plaintiff argues that the new $118.00 order should remain in effect until July 1, 1993. The defendant suggests that the $118.00 order is effective until March 6, 1992, when Michael turns 18, and then reverts to $70.00 per week as provided in the 1985 written agreement, until July 1, 1993.
In 1972, Connecticut's age of majority was reduced to 18. General Statutes1-1d. Thereafter, support orders for minor children terminated by operation of law upon a child's attaining the age of 18. Simon v. Simon, 170 Conn. 24, CT Page 988363 A.2d 1054 (1975); Sillman v. Sillman, 168 Conn. 144,358 A.2d 150 (1975). Even where separation agreements provided for support beyond the age of 18, such orders were not enforceable as child support orders through contempt proceedings. Kennedy v. Kennedy, 177 Conn. 47,411 A.2d 25 (1979); Hunter v. Hunter, 177 Conn. 327,416 A.2d 1201 (1979).
However, in 1977 the General Assembly enacted Public Act 77-488 to allow judicial sanction and enforcement of written agreements for post-majority support. This legislation is now codified as General Statutes46b-66[1].
General Statutes 46b-66 has been strictly construed by our courts. An agreement concerning post-majority support of children must be in writing. An oral stipulation in open court is not sufficient. "[A]bsent an agreement in writing, the court did not have the subject matter jurisdiction to render orders for the support of children over eighteen years of age. . . ." Arseniadis v. Arseniadis, 2 Conn. App. 239, 477 A.2d 152 (1984).
In the instant case, the agreement for post-majority support was incorporated into a written agreement, which was signed by the parties and filed with the court. Therefore the court had subject matter jurisdiction for its order incorporating those provisions in the dissolution judgment. Similarly, the 1985 modification was resolved by written agreement filed with and approved by the court. The defendant, however, objects to the present modification extending post-majority, and, obviously there is no written agreement.
"[A] written agreement is [also] a jurisdictional prerequisite to the valid modification of an order for postmajority support." Hirtle v. Hirtle,217 Conn. 394, 401, 586 A.2d 578 (1991); Mitchell v. Mitchell,24 Conn. App. 343, 345, 588 A.2d 242 (1991); Cattaneo v. Cattaneo,19 Conn. App. 161, 164, 561 A.2d 967 (1989); Albrecht v. Albrecht,19 Conn. App. 146, 157, 562 A.2d 528, cert. denied, 212 Conn. 813,565 A.2d 534 (1989). Accordingly, in the absence of a written agreement, this court lacks the subject matter jurisdiction to alter the postmajority support.
The motion to modify is granted[2]. The court orders child support for Michael in the amount of $118.00 per week effective January 16, 1992, which shall revert to $70.00 per week on March 4, 1992, and terminate on July 1, 1993. Immediate wage withholding is ordered as to premajority support, effective March 5, 1992. The remaining applicable provisions of the dissolution judgment and 1985 modification remain in effect.
BY THE COURT HARRIS T. LIFSHITZ FAMILY SUPPORT MAGISTRATE
APPENDIX A
6. ALIMONY AND SUPPORT
(a) Husband agrees to pay the Wife the sum of $17,000.00 per annum payable 52 equal installments is unallocated alimony and support, for a period of one year from the date of dissolution. Thereafter, the Husband agrees to pay the wife the sum or $18,000.00 per annum payable in 52 equal installments as unallocated alimony and support, for a period d-f one year. Thereafter, the husband agrees to pay the Wife the of $19,000.00 per annum payable in 52 equal installments as unallocated alimony and support, until July 1, 1993. On July 1, 1993, said alimony and support shall terminate.
(b) In the event or the Wife's remarriage, the husband shall pay the sum of $60.00 per week, per child, for a total or $120.00 per week. The Husband recognizes that the youngest minor child shall be in high school upon reaching his majority. To this end, the husband agrees that his support obligation for said minor child, Michael Brian Vye, shall continue until July 1, 1993. At that time, when the Husband is paying child support, each party shall have the right to claim one child for purposes of Federal, State and local tax exemptions.
(c) The parties contemplate that the wife will seek full time employment The parties agree that there will be a substantial change in circumstances only when the Wife's net wages (gross less FICA, withholding taxes and health insurance) exceeds $100.00 per week.
APPENDIX B CT Page 990
STIPULATION
1. The Defendant shall pay one-half of the reasonable unreimbursed medical and dental expenses of the minor children. The Defendant shall be consulted prior to incurring any large expenditures.
2. The Defendant shall pay support in the amount of $70.00 per week per child commencing September 15, 1985.
3. The Defendant shall pay one-half of the cost of a tutor for the daughter this summer.
4. The Plaintiff shall give the Defendant her telephone number. the Defendant agrees not to make this number available to any other person.
Theresa P. Urban (Vye)
Gerald M. Vye CT Page 1
STATE OF CONNECTICUT APPENDIX C
Theresa Vye Gerald Vye CUSTODIAL PARENT NONCUSTODIAL PARENT DATE
D.N./CASE NO. 412178 NUMBER Of CHILDREN 3 AGE OF OLDEST CHILD 17 Custodial Noncustodial Net Income Determination
1. Gross Income (attach verification) $298.00 $1,399.50 2. Number of deductions for tax purposes 3. Federal Income Tax $ $253.89 4. Social Security Tax $ $104.30/76.71 State 5. Retirement Plan Deductions $ $ 6. Union Dues or Fees $ $ 7. Group Life Premiums $ $ 8. Health Insurance Premiums $ $36.92 9. Day Care Cost (Custodial Only) 112.00(1/2 of 225 for kids at home.) 10. Other Child Support Orders $ $ 11. Sum of Lines 3 — 10 $ $583.82 12. Net Income (Line 1 minus Line 11) $298 $815.68
Tentative Obligations
13. Combined Weekly Net Income (nearest $10.00) $1,113.68 14. Total Child Support (from schedule) $485.68 15. % Share of Line 13 (each parent) 27% 73% 16. Tentative Obligations CT Page 991 (Line 14 times Line 15) $130.95 $354.04 for 3 (If split custody adjustment required, 118.00 pw pc proceed to next section; otherwise, enter these amounts on Line 23)
 0-11-463 AVG. 12-17-507 485