[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant moves for modification of child support CT Page 8955 (#208, #220 and #221) as to the parties' twenty-year old daughter, Cynthia. He seeks to accomplish two purposes with the motion. First, he asks the court to allow him to pay Cindy's child support directly to her instead of to her mother as required by paragraph 3.3 of the separation agreement. Secondly, he seeks authorization to pay all of the children's expenses directly without limitation on the amount and in lieu of the amount fixed by the agreement.
The plaintiff has moved to dismiss four separate motions for modification on the grounds that the court lacks subject matter jurisdiction to proceed because the defendant's obligation to support Cynthia is predicated entirely on the separation agreement which has been incorporated in the judgment of the court. She argues correctly that but for the written agreement the defendant would have no obligation to support Cynthia because Cynthia has reached her majority. Barnard v. Barnard, 214 Conn. 99 (1990).
It has now become a well established principle that once such an agreement is made a judgment of the court, its post majority provisions cannot be modified unless done so in writing. Hirtle v. Hirtle, 217 Conn. 394 (1991). In fact, paragraph 5.1 explicitly provides that "No modification or waiver of any of the terms of this agreement shall be valid unless the same shall be in writing and executed with the same formality as this agreement." This simply means that a written agreement is a jurisdictional prerequisite for a valid modification of a post majority support agreement. Mitchell v. Mitchell, 24 Conn. App. 343 (1991). Because the court's subject-matter jurisdiction over the motions has been challenged it is bound to address the issue as a threshold matter. Castro v. Viera, 207 Conn. 420, 429 (1988).
The defendant skillfully eschews the developing body of law applicable to this case as represented by such decisions as Albrecht v. Albrecht, 19 Conn. App. 146; Hirtle v. Hirtle, supra, and Mitchell v. Mitchell, supra. He characterizes them as irrational and incoherent and urges the court to follow the procedure employed by the Supreme Court in Fahy v. Fahy, 227 Conn. 505
(1993) in dealing with the change of circumstances portion of Section 46b-86(a). There is no justification for such an exercise by this court since this court is bound by those decisions.
But the real issue in this case is whether the defendant's motions present genuine requests to modify or if as the plaintiff argues alternatively in his motion to effectuate, he seeks only to CT Page 8956 effectuate the judgment of the court, whether this motion rises to the level of a motion for modification. In support of his position he relies on Roberts v. Roberts, 32 Conn. App. 465 (1993).
In Roberts, the separation agreement provided for sale of the marital residence and an even split of the proceeds. The plaintiff sought an order that the listing price be reduced because the parties could not agree on price. The court ordered a sale by auction and appointed a committee to do so.
The Appellate Court held that in entering such an order the court "effectuated" its prior judgment of sale. In fact, all the court did was to devise a mechanism to facilitate a sale, the terms of which had reached impasse between the parties. To put it another way, the court "greased the skids."
In our case, to deprive the plaintiff-wife of the ability to control support for Cynthia might prevent a mother from participating in her daughter's buying decisions. Further, it would frustrate the salutary purpose of permitting a mother to withhold monies from her daughter that she deems unnecessary or unwise. A mother is particularly suited to contributing to such decisions for her daughter. Such conduct by the plaintiff is within the contemplation of the agreement which treats the children as if they were minors until they reach age 21 by requiring that support payments be made to the plaintiff, and confers upon their mother the power to make judgments as to the appropriateness of a particular expenditure on the children's behalf. The defendant's motion to effectuate would remove this power and its effect would be to modify the terms of the agreement. This became evident in the plaintiff's rebuttal wherein she said that she wanted to be consulted before the defendant bought for Cynthia.
The court holds that motions #208, 220, 221 and the motion to effectuate of September 1, 1993 are in reality motions to modify over which the court has no jurisdiction. The motion to dismiss is granted as to each of these motions insofar as they affect Cynthia Sherwin.
The parties are ordered to file their specific claims for relief with supporting memoranda concerning the remaining issues raised by their pending motions within two weeks of this date.
Mottolese, J. CT Page 8957