[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant, William Lee, is seeking from the plaintiff, Judith Lee, an award of counsel fees incurred by him in his successful defense of an appeal filed from the dissolution judgment. Mr. Lee's motion was filed on September 14, 1995, eight months after the appeal had been decided and 20 months after it had been filed on January 10, 1994.
In deciding whether or not to award counsel fees to a party CT Page 1414-SS in a dissolution action either at trial or on appeal the court must consider the respective financial abilities of the parties and the criteria set forth in Section 46b-82 of the General Statutes. Greene v. Greene, 13 Conn. App. 512, 516 (1988). While the filing of a motion for counsel fees to defend an appeal after the appeal has been decided does not preclude such an award, Miller v. Kirshner, 225 Conn. 185, 210-11 (1993), Mr. Lee's delay in this matter makes the task far more difficult. The court has examined the entire trial court file, in particular the trial court's memorandum of decision of December 2, 1993 and its articulation of March 8, 1994. In addition, both parties submitted up-to-date financial affidavits in October 1995 when this matter was argued before the court. Neither party requested the opportunity to introduce evidence as to the parties' financial conditions or any of the factors in Section46b-82,[1] and the court does not intend, at this late date, to retry the dissolution matter.
The Supreme Court has established "three broad principles",Turgeon v. Turgeon, 190 Conn. 269, 280 (1983), by which awards of counsel fees are to be made:
 First, such award should not be made merely because the obligor has demonstrated an ability to pay. Second, where both parties are financially able to pay their own fees and expenses, they should be permitted to do so. Third, where, because of other orders, the potential obligee has ample liquid funds, an allowance of counsel fees is not justified. Id.
In Koizim v. Koizim, 181 Conn. 492 (1980), the court also said that "Where, because of other orders, both parties are financially able to pay their own counsel fees they should be permitted to do so." Id. 501. An examination of the parties' financial affidavits of October 1995 shows that Mr. Lee's present assets are approximately two and one-half times greater than Mrs. Lee's. The principal asset is one which Mr. Lee received at the dissolution; viz, a property with a fair market value estimated at $150,000 free and clear of any indebtedness. In addition, his liquid assets in the form of stocks, bonds and mutual funds are considerably greater than Mrs. Lee's. These factors offset the greater income reported by Mrs. Lee.
Applying the statutory factors as they can be discerned from the court's memorandum of decision and articulation and CT Page 1414-TT considering the respective financial abilities of the parties, as disclosed on their financial affidavits of October 1995, the court concludes that, in the exercise of its discretion, an award of counsel fees to Mr. Lee would not be justified.[2]
Accordingly, the defendant's motion for counsel fees is denied.
SHORTALL, J.