[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION REGARDING PLAINTIFF'S MOTION FOR COUNSEL FEES TO DEFEND APPEAL
The Parties were married on April 14, 1984. The Plaintiff filed for dissolution on March 12, 1997. There are two minor children issue of this marriage.
On June 17, 1997, Judge Tierney entered a pendente lite support order of $1,000 per month support for the two minor children. On May 27, 1999 after an extended trial, Judge McLachlan dissolved the marriage and entered orders including, among others, the following:
 1. Joint legal custody with primary physical custody to the Plaintiff with final decision making authority to the Plaintiff in event of a disagreement, and with a visitation schedule;
2. Alimony in the amount of $1 per year until December 31, 2009;
 3. Child support in the amount of $900 per month, payable in two equal payments of $450 each on the first and fifteenth of each month;
 4. Defendant to pay Plaintiff $50,000 on December 31, 2000, said obligation to be secured by a mortgage on certain property;
 5. Plaintiff be designated beneficiary on Defendant's $200,000 life insurance policy until such time as joint liabilities are paid and, thereafter, designate Plaintiff as trustee of $100,000 for the benefit of each child for so long as Defendant is obligated to pay child support;
 6. Plaintiff to provide medical insurance and Defendant to reimburse one half of the cost;
 7. Plaintiff to quitclaim her 1/4 interest in 102 Dean Street property in exchange for above mentioned $50,000 mortgage;
8. Plaintiff to pay her liabilities;
 9. Plaintiff to designate Defendant as trustee at $75,000 life CT Page 12955 insurance for each child;.
 10. Each party to pay one half unreimbursed medical costs and one half of COBRA costs;
 11. Defendant to keep his business, his interest in the Dora Street property, and the assets listed on the financial affidavit including his IRA; and
 12. Each party to pay half of the legal fees of the attorneys for the children.
Defendant is a college graduate with a Bachelor's Degree in Business and has owned and operated a landscaping business in Stamford for approximately 13 years.
Plaintiff worked as a secretary during the period of marriage. For the past several months, she has worked as an office manager for ITDS. She has an Associate's Degree in Business.
The parties separated in June of 1977, at which point the Plaintiff moved into an apartment where she has lived since that time. Prior to moving out, both parties lived rent free in a house owned by the Defendant's mother. The Defendant continues to live with his mother and pays no rent,
Defendant has appealed the order of $900 per month child support. He had paid this ordered amount until the time of trial.
Plaintiff is significantly in debt, owing more than $24,000 to her attorney and more than $17,000 to her parents for money used for attorney's fees and for a security deposit on an apartment rental. In addition, the Plaintiff's employer is seeking from her repayment of funds she borrowed to purchase a truck for the Defendant's business and the Defendant has failed to make the necessary payments. The Plaintiff has no funds available to pay for an attorney on this appeal.
Defendant claimed that his income in 1998 was minimal because his entire attention was directed toward this litigation and it was necessary to hire his brother, as an independent contractor, to run his business. He stated that he paid $40,000 to his brother and this left no funds for him. Defendant admits that since the trial ended in May 1999, this expense is no longer CT Page 12956 necessary. His brother had not worked for the Defendant at any time prior to the institution of the divorce action.
Defendant's living expenses have been reduced in several ways. He lives with his mother rent free. He frequently eats with his mother and at houses of other relatives, many of whom live in the vicinity of his mother's home. He collects rent from tenants in a two family house on Dean Street owned, in part, by him and his mother. He keeps a portion of these rental payments. Because his records were unavailable, it is difficult to determine exactly how much he retains, and it is difficult to determine the financial arrangement he has with his mother as to these payments.
Defendant admittedly has at least one source of funds; i.e., he has more than $4,500 in an IRA account. He earns approximately $47,000 per annum and admits an earning capacity of that amount. His 1997 U.S. income tax return shows a gross income of $53,652. Throughout the marriage, he kept bank accounts with certain family members other than his wife. He also had accounts in a number of banks in his own name, into which he would deposit funds without the Plaintiff's knowledge. He has received promises from his mother that she would restore his finances once this litigation has ended.
Lack of supporting documentation raises questions as to the accuracy of the Defendant's financial affidavit. He claims that he has no records regarding income or rentals for the year 1998. He also claims that his business has no contracts with its accounts. He asserts that he was unable to provide the life insurance policies ordered by Judge McLachlan because his prior policy had lapsed and he could not find an insurance company that would provide a quote on a new policy without a physical examination. He claims to have spoken with agents of State Farm and All State, but provided no confirmation of these contacts. Additionally, bank statements for his business were sent to his mother's home, thus making them unavailable for review by the Plaintiff and unavailable for the court.
DISCUSSION AND DECISION
Connecticut General Statutes § 46b-62 allows an award of attorney's fees in any family relations matter in accordance with the criteria set forth in § 46b-82 and the respective financial abilities of the parties. Post trial awards of CT Page 12957 attorney's fees to defend an appeal are also permitted.Friendlander v. Friendlander, 191 Conn. 81, 87 (1983).
Defendant claims that he is without funds to pay attorney fees as a result of his focus on this litigation. He claims that he hired his brother, as an independent contractor, to take over his landscaping business and paid him what, in effect, was everything he would have earned for the past year. The Defendant's testimony was less than convincing and lacked substantiation or verification. Too many things were missing; e.g., no records of rentals income, no contracts with customers, no 1998 tax return and no records intended for use in its preparation. The Court does not accept the Defendant's picture of his financial condition.
Defendant is fortunate to have assistance with his normal and ordinary living expenses. He pays no rent and often is provided with meals. He has more than $4,500 in an individual retirement account, has an excellent earning capacity and owns his own business. He has the capability to earn funds for and provide assistance for the fees necessary to allow the Plaintiff defend this appeal and has, or has access to, such funds.
Plaintiff, on the other hand, is clearly without the financial resources to properly defend the appeal without an award of attorney's fees. She owes a significant amount of money as a result of prior proceedings. She has primary physical custody of the parties' two minor children and, though employed full time, is not able to pay her debts or afford an attorney for the appeal.
Whether to allow counsel fees and in what amounts is left to the exercise of judicial discretion. Lopiano v. Lopiano,247 Conn. 356 (1998). The court also has the "inherent power" and broad discretion in determining whether to award attorney's fees to defend an appeal. Greene v. Greene, 13 Conn. App. 512, 517
(1988); Friedlander v. Friedlander, 191 Conn. 81, 87 (1983).
The court has examined and considered the parties' financial conditions and the criteria of § 46b-62 and § 46b-82. The financial situation of the parties differs greatly with the Plaintiff at a significant disadvantage. The Plaintiff "should not be deprived of her rights because she lacks funds. . . ."Steinmann v. Steinmann, 121 Conn. 498, 505 (1936). CT Page 12958
It is ordered: that the Defendant shall pay to the Plaintiff as counsel fees to defend the appeal, the sum of five thousand ($5,000) dollars as follows: $2,500 on or before September 30, 1999 and $2,500 on or before October 30, 1999.
HILLER, J.