## MARILYN GRIFFITHS v. LAWRENCE GRIFFITHS
## (5226)

HULL, BORDEN and DALY, Js.

Submitted on briefs September 1—decision released September 30, 1987

*Jeffrey D. Lynch* and *James J. Maher* filed a brief for the appellant (defendant).

*Deborah L. Nemeth* filed a brief for the appellee (plaintiff).

PER CURIAM. In this appeal from the judgment dissolving the marriage of the parties, the defendant-husband claims that the trial court, *Hon. Joseph W. Bogdanski,* state trial referee, erred in its determination of the awards of alimony and child support. In addition, the defendant claims that the court erred in terminating the stay of execution of the judgment.

"A trial court is endowed with broad discretion in domestic relations cases. Our review of such decisions is confined to two questions: (1) whether the court correctly applied the law, and (2) whether it could reasonably have concluded as it did. *Leo* v. *Leo,* 197 Conn. 1, 4, 495 A.2d 704 (1985); *Flynn* v. *Flynn,* 7 Conn. App. 745, 746, 510 A.2d 1005 (1986). As an appellate court, we do not review the evidence to determine whether a conclusion different from the one reached could have been reached. *Pandolphe's Auto Parts, Inc.* v. *Manchester,* 181 Conn. 217, 221, 435 A.2d 24 (1980). The goal of our analysis is simply to decide whether the trial

court's conclusion was reasonable. The trial court has the advantage of reviewing and assessing the demeanor, attitude and credibility of the witnesses and is therefore better equipped than we to assess the circumstances surrounding the dissolution action. Thus, we do not retry the facts. *Leo* v. *Leo,* supra; *Koizim* v. *Koizim,* 181 Conn. 492, 498, 435 A.2d 1030 (1980)." *Palazzo* v. *Palazzo,* 9 Conn. App. 486, 488, 519 A.2d 1230 (1987).

In reviewing the record and arguments presented in this appeal, it is clear that the court did not err in its determination of the financial awards. We conclude that the court determined its financial awards and division of assets by correctly applying the law after carefully reviewing the evidence presented.

The defendant's second claim is that the court erred in terminating the stay of execution of the judgment. We will not review this claim of error because the defendant failed to file a motion for review pursuant to Practice Book § 4053. See Practice Book § 4049.[1]

There is no error.

---

[1] Practice Book § 4049 provides that a motion for review under § 4053 is the "sole remedy of any party desiring the supreme court to review an order concerning a stay of execution . . . ."