## AMELIA SCHOFIELD *v.* RUSSELL SCHOFIELD
### (5924)

DUPONT, C. J., BORDEN and BIELUCH, Js.

Submitted on briefs September 14—decision released October 27, 1987

*Glenn T. Davis* filed a brief for the appellant (plaintiff).

*William E. Hall* filed a brief for the appellee (defendant).

BORDEN, J. The plaintiff appeals from the granting by the trial court of the defendant's motion to modify that portion of the judgment of divorce relating to alimony. The issues raised on appeal are (1) whether the court erred in finding that the increase in the plaintiff's income due to her obtaining employment subsequent to the divorce was not contemplated by the parties, and (2) whether the court abused its discretion in reducing the alimony payments to the plaintiff by $50 per week. We find no error.

The parties were divorced in 1972. The defendant was ordered to pay alimony in the amount of $100 per week, and child support in the amount of $25 per week for each of the parties' four minor children, then ages seventeen, sixteen, fourteen and five. He was also ordered to make the payments on the first mortgage on the home owned by the plaintiff. The plaintiff did not work outside the home at the time of the divorce. Her financial affidavit filed at that time showed that her only income was derived from court-ordered alimony and child support. This income exceeded her expenses by a small amount.

At the time of the hearing on the defendant's motion to modify in 1987, the plaintiff was employed. Her gross earnings from employment totalled $371.89 per week. This was supplemented by the weekly alimony payment of $100. The four children had reached majority. At the hearing on the motion to modify, the plaintiff testified that, at the time of the divorce, she had expected to get a job and did in fact become employed as a bookkeeper soon thereafter. The defendant testified that, at the time of the divorce, the matter of whether the plaintiff would get a job "was never discussed" and that since the plaintiff had never worked before, he "had no idea she was going to be going to work." He also testified that, with respect to his continuing obligation to make the mortgage payments, he "wanted to make sure that the home was kept as a homestead for the children not to upset their day-to-day living."

The court concluded that the defendant had shown a substantial change in circumstances which was not contemplated by the parties. Thereupon, the court reduced the alimony order from $100 per week to $50 per week. This appeal followed.

The plaintiff first claims that the court erred in finding that the plaintiff's employment subsequent to the

divorce was not contemplated by the parties at the time of the divorce. The plaintiff does not dispute that the trial court was justified in finding the change in her income to be substantial; rather, she challenges the court's determination that the defendant had shown that the increase in the plaintiff's income due to employment was not contemplated.[1]

"We recognize that a party seeking modification of financial orders incident to a marital dissolution judgment must clearly and definitely establish an uncontemplated substantial change of the circumstances of either party which demonstrates that continuation of the prior order would be unfair and improper. *Wingerd* v. *Wingerd,* 3 Conn. App. 261, 262, 487 A.2d 212 (1985). We also recognize the well established standard of review in this court of the trial court's actions in such matters. We do not substitute our judgment for that of the trial court. *Vanderlip* v. *Vanderlip,* 1 Conn. App. 158, 159, 468 A.2d 1253 (1984). Great weight is due the action of the trial court, which will not be disturbed unless the court has abused its discretion or its finding has no reasonable basis in the facts. *Rose* v. *Rose,* 10 Conn. App. 391, 393, 523 A.2d 914 (1987); *Wingerd* v. *Wingerd,* supra, 263." *Fabiano* v. *Fabiano,* 10 Conn. App. 466, 469, 523 A.2d 937 (1987). We decide, not whether we would have drawn the same inferences or found the same facts, but whether the trial court could

---

[1] We note that General Statutes § 46b-86 (a), which provides for modification "upon a showing of a substantial change in the circumstances of either party," has been repealed and substituted by Public Acts 1987, No. 87-104. That act provides in relevant part that "modification may be made upon a showing of such substantial change of circumstances, *whether or not such change of circumstances was contemplated at the time of dissolution.* By written agreement, stipulation or by decision of the court, those items or circumstances that were contemplated and are not to be changed may be specified in the written agreement, stipulation or decision of the court." (Emphasis added.) That act was not effective until October 1, 1987, and therefore does not affect this case.

have reasonably done so. *Grayson* v. *Grayson,* 4 Conn. App. 275, 294, 494 A.2d 576 (1985), appeal dismissed, 202 Conn. 221, 520 A.2d 225 (1987).

In this case, we cannot conclude that the court's finding that the plaintiff's earnings from employment were not contemplated at the time of the divorce had no reasonable basis in the facts. This conclusion was based upon the defendant's testimony that it was not contemplated that the plaintiff would go to work, and upon the court's view that the original alimony award and the order that the defendant make the first mortgage payments reflected the parties' intent "to further the desirability of [the plaintiff's] staying home with the children." The trial court's finding has a sufficient basis in the evidence presented.

The plaintiff's second claim is that the court erred in reducing the amount of alimony by $50 per week. Having concluded that the court's finding regarding the plaintiff's employment cannot be disturbed, our review of the plaintiff's challenge to the trial court's determination of the amount of the modification ordered is limited: " 'The goal of our analysis is simply to decide whether the trial court's conclusion was reasonable.' " *Griffiths* v. *Griffiths,* 12 Conn. App. 807, 807–808, 531 A.2d 1203 (1987) (per curiam), quoting *Palazzo* v. *Palazzo,* 9 Conn. App. 486, 488, 519 A.2d 1230 (1987). We conclude that the court did not abuse its wide discretion in its modification of the alimony award.

There is no error.

In this opinion the other judges concurred.