CLAIRE MAILLY *v.* EMIL MAILLY
(4960)

DALY, STOUGHTON and NORCOTT, Js.

Argued November 18, 1987—decision released January 5, 1988

*Charles E. Oman,* with whom, on the brief, was *Timothy C. Moynahan* and *Sharon A. Kaskie,* for the appellant (defendant).

*Nicholas W. Rosa,* with whom, on the brief, was *Thomas W. Calkins,* for the appellee (plaintiff).

STOUGHTON, J. In this action for dissolution of marriage, the defendant appealed following the denial of his motion to open the judgment. The defendant amended his appeal to include the order granting postjudgment counsel fees, expenses and temporary alimony.[1] We find no error.

The plaintiff wife instituted an action in which she sought a dissolution of marriage, an assignment of the defendant's estate, alimony and counsel fees. The defendant instituted a separate action in which he sought a dissolution of marriage and reconveyance of real and personal property. The defendant also filed a counterclaim in the plaintiff's action in which his claims for relief were the same as those made in his separate action. The two actions were consolidated for trial and referred to the *Hon. Robert A. Wall,* state trial referee.

The state trial referee rendered judgment on December 23, 1985. He found that the defendant had been guilty of intolerable cruelty to the plaintiff, as alleged in her complaint, and dissolved the marriage. He ordered

---

[1] The plaintiff moved for an allowance to defend the appeal and for temporary alimony during the pendency of the appeal because the appeal acted to stay the awards of alimony and counsel fees. These motions were granted, and the defendant amended his appeal to claim error in these rulings. See *Bielan* v. *Bielan,* 135 Conn. 163, 165, 62 A.2d 664 (1948).

the defendant to pay certain expert witness fees, to pay $10,000 towards the plaintiff's counsel fees, to pay $700 to reimburse the plaintiff for storage fees and to pay the plaintiff $80,000 as lump sum alimony. He also made certain orders respecting real and personal property.

The defendant moved to open the judgment and requested a rehearing. The motion was granted on January 21, 1986, and referred to the state trial referee. On February 20, 1986, the state trial referee held a hearing, vacated the order of January 21, 1986, and denied the motion. The defendant appealed from the denial of the motion to open the judgment on March 6, 1986, and thereafter the plaintiff moved for an allowance to defend the appeal and for temporary alimony pending the appeal. On June 10, 1986, the state trial referee ordered the defendant to pay $5000 for attorney's fees and expenses of $1030.92, the cost of the transcript. He also ordered the defendant to pay $100 per week as temporary alimony pending the appeal. On June 27, 1986, the defendant filed an amended appeal from the judgment in the original action, from the judgment on the motion to open the judgment, and from the judgment on the plaintiff's motion for alimony and attorney's fees pending appeal.

The defendant claims that the court abused its discretion when it issued its financial orders, including the award of attorney's fees. In his amended appeal, the defendant claims that the trial court abused its discretion in granting counsel fees to defend the appeal and temporary alimony pending the appeal.[2]

The plaintiff contends that because the initial appeal was from the denial of a motion to open the judgment,

---

[2] The defendant also claimed that the state trial referee erred in (1) stating that it could not order a reconveyance of real estate held in trust because it did not arise out of the same transaction or the same subject of the action;

this court is without jurisdiction to hear the appeal and the appeal should be dismissed. The denial of a motion to open a judgment is generally an appealable final judgment. *Norwich* v. *Lebanon,* 193 Conn. 342, 346 n.4, 477 A.2d 115 (1984); *State* v. *Fahey,* 146 Conn. 55, 59, 147 A.2d 476 (1958). We note, also, that the defendant amended his appeal not only to include a challenge to postjudgment orders made by the trial court; Practice Book § 4006; but also to recite that the appeal encompassed a challenge to the original judgment as well as the denial of the motion to open. Because the plaintiff failed to file a motion to dismiss within ten days of the filing of the amended appeal, she has waived any claim that review of the original judgment is barred on lateness grounds. Practice Book § 4056.

The state trial referee rendered judgment after a fully contested hearing. He found that the defendant had been guilty of intolerable cruelty to the plaintiff in several respects, that these acts of cruelty rendered the continuation of any relationship between the parties impossible and that they forced the plaintiff to leave the defendant to live with her daughter. He found that since the plaintiff left the defendant, the defendant had failed to provide her with any support. He also found that the defendant was not a credible witness because of financial and other misrepresentations. In response to a motion for articulation, he found that the plaintiff is deeply in debt due to the expenses of the trial and dependency on her daughter.

Our review of decisions by the trial court in domestic relations cases is confined to two questions: (1) whether the court correctly applied the law; and (2) whether it

---

(2) stating that it could not order a reconveyance of real estate held in trust because the complaint failed to state a claim upon which relief could be granted; and (3) not requiring corroboration as to serious allegations of misconduct and incidents and not drawing a negative inference from failure to call any witnesses. These additional issues have been withdrawn.

could reasonably have concluded as it did. We do not retry the facts. See *Palazzo* v. *Palazzo,* 9 Conn. App. 486, 488, 519 A.2d 1230 (1987).

It was conceded at oral argument that none of the financial awards made by the state trial referee had been paid. The court considered the financial abilities and positions of the parties and the statutory criteria of General Statutes §§ 46b-81 and 46b-82 in making the awards of alimony and counsel fees. We have reviewed the record and arguments presented in this appeal and conclude that the state trial referee determined all of the financial awards by correctly applying the law after carefully reviewing the evidence presented. *Griffiths* v. *Griffiths,* 12 Conn. App. 807, 808, 531 A.2d 1203 (1987).

There is no error.

In this opinion the other judges concurred.