MARY S. MEEHAN *v.* TIMOTHY MEEHAN
(13300)

Dupont, C. J., and O'Connell and Landau, Js.

Argued October 3, 1995—decision released January 16, 1996

*Reuben S. Midler,* for the appellant (defendant).

*Tony Ghecas,* for the appellee (plaintiff).

*John G. Howell III,* for the minor children.

O'CONNELL, J. The defendant appeals from the judgment of the trial court denying his motion that the plaintiff be held in contempt of court. The defendant also appeals from the modification of a prior custody and visitation order. The defendant claims that the trial court improperly (1) relied on the plaintiff's fears as a basis for denying the defendant's motion for contempt, (2) modified a prior pendente lite order of custody and visitation as part of its decision on the defendant's

motion for contempt, (3) made factual findings and conclusions of law that were not supported by the facts and law, and (4) restricted the defendant's right to examine witnesses and present evidence. We affirm the judgment of the trial court.

The parties to this appeal are presently engaged in an action to dissolve their marriage, which was pending when we heard this appeal. All of the issues involved in this appeal relate to custody.[1] Earlier in the proceedings, the court had awarded joint custody pendente lite and ordered the plaintiff not to remove the parties' two young children from the family residence. Thereafter, the defendant filed a series of motions for contempt.

This appeal arises from the denial of the defendant's sixth motion for contempt in which the defendant alleged that the plaintiff violated the order by removing the children from the home on November 8, 1993. The trial court denied the motion, finding that the plaintiff was not in contempt when she removed the children from the residence on the evening of November 8 because the removal arose out of fear and her sincere belief that it was necessary to protect the children. The trial court orally modified the order that prohibited the plaintiff from removing the children from the home and instead required the plaintiff to bring the children to the home each day from 10 a.m. to 4 p.m. Following a subsequent hearing, the trial court confirmed this modification of the prior order in a written memorandum of decision.

I

The defendant claims that the trial court improperly concluded, as a matter of law, that the plaintiff's fears constituted a valid basis for disregarding the order of

---

[1] Although a final judgment has not yet been rendered in this case, temporary custody orders are immediately appealable. *Madigan* v. *Madigan*, 224 Conn. 749, 757, 620 A.2d 1276 (1993).

the court. It is axiomatic that a person may not pick and choose which court orders he will obey. See, e.g., *Tufano* v. *Tufano*, 18 Conn. App. 119, 124, 556 A.2d 1036 (1989). A party's opinion concerning the necessity for a particular order does not excuse his disobedience. *Tatro* v. *Tatro*, 24 Conn. App. 180, 188, 587 A.2d 154 (1991). Relying on these precedents, the defendant argues that the plaintiff was guilty of per se contempt of court because she removed the children from the family residence on November 8.

The defendant's argument, however, disregards the line of cases that holds that a contempt finding is not automatic and depends on the facts and circumstances underlying it. *Dukes* v. *Durante*, 192 Conn. 207, 228, 471 A.2d 1368 (1984). "It is within the sound discretion of the court to deny a claim for contempt when there is an adequate factual basis to explain the failure to honor the court's order. [I]n an appeal from a judgment of civil contempt, our review is technically limited to questions of jurisdiction, such as whether the court had authority to impose the judgment inflicted and whether the act or acts [involved] could constitute a contempt." (Internal quotation marks omitted.) *Marcil* v. *Marcil*, 4 Conn. App. 403, 405, 494 A.2d 620 (1985); see *Bunche* v. *Bunche*, 36 Conn. App. 322, 325–26, 650 A.2d 917 (1994). The fact that an order has not been complied with fully does not dictate that a finding of contempt must enter. *Marcil* v. *Marcil*, supra, 405.

Furthermore, " '[the] trial court is endowed with broad discretion in domestic relations cases. . . . As an appellate court, we do not review the evidence to determine whether a conclusion different from the one reached could have been reached. . . .' " (Citations omitted.) *Griffiths* v. *Griffiths*, 12 Conn. App. 807, 531 A.2d 1203 (1987); *Pandolphe's Auto Parts, Inc.* v. *Manchester*, 181 Conn. 217, 221, 435 A.2d 24 (1980). The purpose of our analysis is to decide whether the trial

court's conclusion was reasonable. Because the trial court has the advantage of reviewing and assessing the demeanor, attitude and credibility of the witnesses, it is better equipped than we are to assess the circumstances surrounding the family proceeding before it. *Griffiths* v. *Griffiths*, supra, 807. Every reasonable presumption will be made in favor of the court's proper exercise of discretion. *Tessmann* v. *Tiger Lee Construction Co.*, 228 Conn. 42, 48, 634 A.2d 870 (1993).

The trial court made the following findings, which it considered adequate to explain the plaintiff's failure to obey the court order. After having been in court on November 8, the parties returned to the family residence. That evening, the defendant, upon finding one child sleeping in her mother's bedroom, began to turn and shake the doorknob to the room. In a loud and forceful voice, the defendant uttered profanity and demanded that the plaintiff open the door and return the child to her own bed. Believing that she was being threatened, the plaintiff telephoned the police, who arrived to find her crying, shaken, and afraid. The plaintiff remained visibly upset even after the police directed the defendant to leave the house for the night. Still alarmed at the defendant's behavior the next morning, the plaintiff removed herself and the two children from the home to a women's shelter. On the basis of those findings, the trial court concluded "that while [the plaintiff] violated the court's order barring her removal of the children from the home, she did so under circumstances that indicated her violation was not contemptuous. When she acted, she acted out of fear and a desire to protect her children."[2] We therefore conclude that the trial court did not abuse its discretion in finding an

---

[2] We are not persuaded by the defendant's argument that the plaintiff must be found in contempt because the evidence showed that only the plaintiff and not the children were threatened or in danger.

adequate basis to explain the plaintiff's noncompliance with the prior court order.

## II

The defendant next argues that the trial court improperly modified a prior court order concerning temporary custody at the hearing on the defendant's sixth motion for contempt. The pendente lite custody orders relevant to this proceeding commenced June 11, 1993. On that date, the trial court, *Bassick, J.*, vacated a prior restraining order that barred the defendant from the residence. As part of its June 11 oral order, the trial court remarked, "I don't want the children removed from the house until further order of the court." It is this order that the defendant contends was improperly modified.

On November 11, 1993, the trial court, *Thim, J.*, orally modified the June 11 order and allowed the plaintiff to remove the children from the house as long as she returned them each day from 10 a.m. to 4 p.m. The trial court continued the hearing until December 3, at which time the defendant argued that the trial court could not modify Judge Bassick's June 11 order. Judge Thim disagreed and issued the written memorandum of decision that is the subject of this appeal.

The defendant contends that the trial court's modification of the original order at the contempt hearing constituted an improper opening and reconsideration of the prior pendente lite custody order. This argument, however, ignores the broad equitable powers of the trial court in family matters.

"The power of a domestic relations court to act equitably 'is the keystone to the court's ability to fashion relief in the infinite variety of circumstances which arise out of the dissolution of a marriage.' " *Gallagher* v. *Gallagher*, 11 Conn. App. 509, 513, 528 A.2d 379 (1987),

quoting *Pasquariello* v. *Pasquariello*, 168 Conn. 579, 585, 362 A.2d 835 (1975). Decision-making in family cases requires a " 'flexible, individualized adjudication of the particular facts of each case . . . .' " *Weidenbacher* v. *Duclos*, 234 Conn. 51, 76, 661 A.2d 988 (1995), quoting *Seymour* v. *Seymour*, 180 Conn. 705, 710, 433 A.2d 1005 (1980). In this case, the trial court was presented with an increasingly hostile situation and used its powers of equity to fashion relief for the parties.

This case presented the trial court with a situation in which the plaintiff had moved to a women's shelter with her two children because she feared the defendant. The trial court found that the hostility and enmity between the parties were so severe that it was unreasonable to expect them to remain overnight under the same roof. Common sense is not to be left at the courthouse door. *State* v. *Perez*, 10 Conn. App. 279, 291, 523 A.2d 508, cert. denied, 203 Conn. 810, 525 A.2d 524 (1987). On the basis of the facts and circumstances before us, we conclude the trial court acted within its equitable powers when it modified the custody order.

### III

Our discussion of the first two issues disposes of the defendant's third claim that the trial court made factual findings and conclusions of law not supported by the facts and law.

### IV

In his final claim, the defendant argues that the trial court unduly restricted his right to examine witnesses and to present evidence by restricting the contempt hearing to the events of November 8 and 9, 1993. The defendant insists that because he alleged in his motion that the plaintiff's contempt was the result of a pattern of conduct, he was entitled to present evidence in support of this theory.

It is well established that "[e]vidence is admissible only to prove . . . those facts directly in issue or those probative of matters in issue . . . ." C. Tait & J. LaPlante, Connecticut Evidence (2d Ed. 1988) § 8.1.2, p. 226; *Adams* v. *May*, 32 Conn. 160, 167–69 (1864). The trial court held that the sole issue before it was the plaintiff's alleged contempt based on the events of November 8. In so holding, the trial court concluded that evidence of the plaintiff's pattern of contempt was not material to this limited purpose and allowing the defendant to present such evidence would have the effect of relitigating the entire custody issue instead of only the contempt.[3] Accordingly, the trial court limited the evidence to the conduct of the parties on the night of November 8 and disallowed evidence purporting to show a pattern or scheme of conduct by the plaintiff.[4]

" 'The trial court has broad discretion in determining the relevancy of evidence.' . . . 'Its ruling will only be overturned if this court finds an abuse of discretion.' " (Citations omitted.) *Rosick* v. *Equipment Maintenance & Service, Inc.*, 33 Conn. App. 25, 31, 632 A.2d 1134 (1993). On the basis of the issue before the court and the procedural history of the case, we conclude that the court did not abuse its discretion in refusing to allow the defendant to present pattern evidence.

The defendant, however, is not without a forum in which to present this evidence. The case is currently

---

[3] See footnote 4.

[4] The relevant part of the trial court's ruling on admitting evidence of a scheme or pattern of conduct on the plaintiff's part is as follows: "I see that allegation in there, but we have the gist of the motion [in] the very beginning, that she moved the children from the house, and then there are various evidentiary allegations, and amongst some conclusory statements is that this is part of a scheme to procure her desires, irrespective of the court order and the facts. If we're going to talk about a scheme, we're going to be here for two months. You know, other judges have already spent a month on a hearing on one issue. If we're going to talk about what is a claimed scheme, we're going to be here for months. She removed the children from the house. Was that justified?"

in a posture to go to trial. In that forum, the final custody award could be litigated and a judgment of dissolution rendered. Although the case has been pending for more than thirty-four months, the defendant has chosen continuously to litigate temporary pendente lite orders rather than to proceed to trial.[5]

The judgment is affirmed.

In this opinion the other judges concurred.

---

[5] The defendant concedes that the progress of this case has been delayed solely because of litigation surrounding pendente lite custody matters. Subsequent to the motion that is the subject of this appeal, the defendant filed numerous additional motions attacking the pendente lite awards rather than proceeding to trial.