[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The court finds that the plaintiff has made good faith efforts to comply with the order of the court under circumstances made none to easy by the defendant, and has substantially CT Page 7403 complied therewith. I am impressed that the plaintiff, though inarticulate, is a hard working person who obviously has labored to own and maintain this rental housing. I find no contumacious conduct by the plaintiff. "[T]hat an order has not been complied with fully does not dictate that a finding of contempt must enter." Meehan v. Meehan, 40 Conn. App. 107, 110, 669 A.2d 616, cert. denied, 236 Conn. 915, 673 A.2d 1142 (1996). Moreover, certain aspects of the parties' stipulation on which the court entered judgment are not entirely free from ambiguity. No person ought to be entrapped by vague and general orders. Friedlander v.Freidlander, 191 Conn. 81, 86, 463 A.2d 587 (1983). Therefore, contempt may be founded solely upon some clear and express direction of the court. Blaydes v. Blaydes, 187 Conn. 464, 467,446 A.2d 825 (1982).
It also is significant that the stipulation contemplates that the plaintiff might not complete the required repairs by the date listed therein by providing that use and occupancy payments need not commence until the repairs were made to the satisfaction of the New Haven Housing Code Inspector. The testimony reflected that the defendant had not made rent or use and occupancy payments for as long as she could remember (which the court understands to be since late 1996), although she has been living in the apartment for nine years.
For these reasons, the motion for contempt is denied, and the defendant's claim for compensation pursuant to Kronholm v.Kronholm, 23 Conn. App. 577, 579, 582 A.2d 1178 (1990), also is denied.
BY THE COURT
Bruce L. LevinJudge of the Superior Court