[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On October 6, 1997 the parties appeared and presented evidence on the plaintiff's motion for enforcement of the judgments dated November 7, 1994 (Sheldon, J.), April 7, 1995 (Langenbach, J.), and the modification thereof dated May 12, 1997 (Sullivan, J.). Upon consideration of the testimony and evidence, this court finds that the defendant is in violation of CT Page 10101 said judgments for the reason that, inter alia, (1) it has failed to submit an approved closure plan; (2) it has failed to construct an approved secondary spill containment system; and (3) has failed to pay an agreed upon civil penalty of $15,000. Additionally, this court heard undisputed testimony that the defendant has failed to obtain waste water discharge permits required under General Statutes § 22a-430 and waste oil storage and treatment permits required under General Statutes § 22a-454. At present the defendant's oil tanks contain approximately 400,000 gallons of oil which greatly exceed the allowable total halogen standard of 1000 ppm.
While a representative of the defendant suggested that it is still possible to install the containment system and file and receive approval for the closure order by the November 1, 1997 deadline (as ordered by Judge Sullivan on May 12, 1997), the testimony and common sense dictates otherwise. The defendant's landlord and financier, Ralph Bello, testified that he has not only instituted litigation to obtain back rent and regain possession of the premises but has also terminated all funding for any environmental improvements. Indeed, he testified that any compliance work the defendant had done had been at his expense since he is owed a number of rental payments and, moreover, several agreements for the payment of rent have been breached by the defendant. While there was some testimony that an additional source of funding might be located, this court finds this evidence speculative at best. Additionally, even if secured, the defendant would still have to prepare and submit the required applications, receive approvals and construct the necessary work in just three weeks. Inasmuch as the defendant has been unable to perform the required work in the three years since the November 7, 1994 judgment, it requires a creative imagination to think it could be done now. "Common sense is not to be left at the courthouse door." Meehan v. Meehan,40 Conn. App. 107, 669 A.2d 616, cert. denied, 236 Conn. 915,673 A.2d 1142 (1996). The defendant has simply not demonstrated that its failure to comply with the agreed upon orders is excusable.
It is therefore the decision of this court that, pursuant to the terms of the stipulated judgments, the defendant is immediately upon receipt of this order enjoined from receiving and processing waste oil and waste water soluble oil as well as hazardous waste fuel at its facility at 16 Elm Street, West Haven, Connecticut. The defendant is further ordered to pay the State of Connecticut the agreed upon civil penalty of $15,000 on CT Page 10102 or before October 24, 1997.
Berger, J.