[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISIONRE: PLAINTIFF'S MOTION TO MODIFY VISITATION CODED NO. 115 ANDDEFENDANT'S MOTION FOR CONTEMPT REGARDING VISITATION CODED NO. 116
Many of the facts that give rise to these two motions are not in dispute. The marriage between the parties was dissolved on December 27, 1996. The parties have two minor children issue of the marriage: William Arthur Trudeau III born May 7, 1992, and CT Page 2774 Maxwell Thomas Trudeau born October 26, 1995. On August 13, 1997, by order coded No. 118, the defendant's motion to modify visitation dated July 2, 1997, was granted and the defendant was granted visitation every other weekend from Saturday at 9 a.m. until Sunday at 6 p. m., with visitation to be at his parents' home and at least one of his parents to be with the children at all times. The plaintiff was to pick up the children on Sunday afternoon and the defendant was to pick up the children on Saturday morning. The defendant exercised his visitation until early in January of 1998, when the plaintiff withheld visitation. On Friday, January 2, 1998, at approximately 5:45 p. m. a drive-by gunman fired several bullets into the parking lot of the defendant's service center on South Main Street, Newtown, Connecticut, wounding the defendant in the lower leg, piercing a plate glass window a few feet from customers, and striking the defendant's late model motor vehicle parked near the road, as well as damaging the vehicle of one of the customers who was inside the office of the defendant's business. The plaintiff spoke to the defendant after she learned of the shooting and he told her the name of the person who he believed was responsible for the shooting. That individual had a business relationship with the defendant and is known by the plaintiff. No arrest has been made to date, and the matter is still under investigation. From the evidence presented, the court finds that the defendant was the target of the drive-by shooting. The plaintiff has not allowed the defendant to exercise his alternate weekend visitation for the weekend of January 17 and January 18, 1998, as well as for subsequent alternate weekends as a result of her concern for the children when they are with the defendant on alternate weekends, and her concern that there could be a subsequent shooting incident. The defendant has not had one of his parents present at all times during his alternate weekend visitation following the August 13, 1997 order. The plaintiff recognizes that the children should continue to have a relationship with their father but is concerned about allowing weekend visitation to continue under the present circumstances. There were occasions between August 13, 1997 and January 4, 1998, when the plaintiff picked the children up and none of the defendant's parents were present.
The court concludes that while the plaintiff has violated the court order regarding visitation, that she did so under circumstances that show that her violation was not contemptuous. She acted out of a reasonable fear and a desire to protect her children. CT Page 2775
In Meehan v. Meehan, 40 Conn. App. 107 (1996), 669 A.2d 616, the court at pages 109-110 stated at follows:
 It is axiomatic that a person may not pick and choose which court orders he will obey. See, e.g., Tufano v. Tufano, 18 Conn. App. 119, 124, 556 A.2d 1036 (1989). A party's opinion concerning the necessity for a particular order does not excuse his disobedience. Tatro v. Tatro, 24 Conn. App. 180, 188, 587 A.2d 154 (1991).
 It is within the sound discretion of the court to deny a claim for contempt when there is an adequate factual basis to explain the failure to honor the court's order. . . . The fact that an order has not been complied with fully does not dictate that a finding of contempt must enter. [Citations omitted; internal quotation marks omitted.]
The plaintiff now resides in Madison, Connecticut. The defendant resides in Newtown, Connecticut. The court enters the following orders.
ORDERS
1. The court does not find the plaintiff in contempt of court.
2. The defendant is ordered to pay counsel for the plaintiff $1000 in counsel fees by April 6, 1998.
3. The existing visitation order is modified so as to provide that the defendant shall have visitation with the children every Sunday from 10 a.m. to 5 p. m. Visitation may be exercised only in the towns of Branford, Guilford, Madison, Clinton and Westbrook. The defendant is to pick up the children at the plaintiff's residence and return the children to her residence. The defendant's parents do not have to be present during visitation.
Axelrod, J.