[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION FOR SUMMARY JUDGMENT DATED FEBRUARY 19, 1998 (#117)
By way of a four-count complaint dated July 12, 1994, the plaintiffs, Maribel Colon and her mother Maria Garcia, brought an action against the defendants; the New Haven Board of Education, the chairman of the Board of Education, Patricia McCann Vessipo the superintendent of schools. Dr. Reginald Mayo, and the City of New Haven. Maribel Colon was a minor attending Jackie Robinson School in New Haven at the time of the alleged negligence of the defendants.
CT Page 8326
Count one alleges negligence against the board. Specifically, the minor plaintiff alleges that on November 10, 1993, she was a student at Jackie Robinson school and in the hallway of said school when she was struck in the head and facial area by a door swung open by Geneva Pollock, a teacher at the school. As a result, the minor plaintiff sustained serious injuries. The minor plaintiff alleges that the injuries she sustained were caused by the negligence of the teacher, an employee of the board, in that she was inattentive to the safety of the children, she opened the door in a quick manner endangering the students, and she failed to warn the students she was opening the door when she knew or should have known the door might cause injury to the students.
Count two alleges a negligence cause of action against the chairman of the board and the superintendent of schools. Count two alleges that the chairman and the superintendent were negligent in failing to hire adequate and experienced personnel, in failing to pay proper attention to the welfare and safety of the children, and in failing to provide adequate supervision in the hallway. Count three alleges a cause of action against the city of New Haven pursuant to General Statutes § 7-465. Finally, count four is, brought by the minor plaintiff's mother, and alleges a claim for present and future medical expenses.
The defendants filed an amended answer and special defenses on January 7, 1998, alleging that the plaintiffs' claims are barred by the doctrine of governmental immunity. The defendants now move for summary judgment as to all four counts of the plaintiffs' complaint. The defendants filed a memorandum of law in support of their motion for summary judgment, together with a supplemental memorandum, and the plaintiffs have filed a memorandum of law in opposition.
Summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book § 384. "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Great Country Bank v.Pastore, 241 Conn. 423, 435, 696 A.2d 1254 (1997). The Connecticut Supreme Court "has approved the practice of deciding the issue of governmental immunity as a matter of law." Gordon v.Bridgeport Housing Authority, 208 Conn. 161, 170, 544 A.2d 1185
(1988). See also Kolaniak v. Board of Education, CT Page 832728 Conn. App. 277, 279, 610 A.2d 193 (1992).
 COUNT 1
The defendants argue in support of their motion for summary judgment as to count one that the board cannot be found liable because the plaintiff has failed to commence an action against an employee of the board. The defendants analogize the board to a municipality and argue that because the Supreme Court has held that a municipality was not vicariously liable for the torts of its municipal officers at common law, the board in the present case is not liable because the plaintiff did not bring an action against an employee of the board. The defendants cite General Statutes § 10-235 and argue that no direct liability runs from a board of education to a plaintiff in a tort action. They also argue that they are immune from liability for the plaintiff's claim in count one under the doctrine of governmental immunity.
The minor plaintiff counters that she has alleged a cause of action for vicarious liability against the board in count one and that a direct action against the board is proper. In her memorandum of law, the plaintiff also argues that the board is liable pursuant to General Statutes § 10-235, and that 52-557n
(a)(1)(A) permits a direct cause of action against the board.[1]
"A town board of education can be an agent of the state for some purposes and an agent of the municipality for others. . . . A town board of education thus potentially enjoys immunity under two different theories of immunity for acts carried out within its governmental capacity." (Citations omitted.) Heigl v. Boardof Education, 218 Conn. 1, 3-4, 587 A.2d 423 (1991). "Local boards of education also are agents of the towns, subject to the law governing municipalities, when acting on behalf of the municipality in its function of mandating control over the public schools within the municipality's limits." R.A. Civitello Co. v.New Haven, 6 Conn. App. 212, 218, 504 A.2d 542 (1986). As an agent of the municipality, therefore, the board may be entitled to immunity for its actions.[2]
"Although municipalities are generally immune from liability in tort, municipal employees historically were pesonally liable for their own tortious conduct. . . . The doctrine of governmental immunity has provided some exceptions to the general CT Page 8328 rule of tort liability for municipal employees. [A] municipal employee . . . has a qualified immunity in the performance of a governmental duty, but he may be liable if he misperforms a ministerial act, as opposed to a discretionary act. . . . The ultimate determination of whether qualified immunity applies is ordinarily a question of law for the court . . . [unless] there are unresolved factual issues material to the applicability of the defense . . . [where] resolution of those factual issues is properly left to the jury." (Citations omitted; internal quotation marks omitted.) Purzycki v. Fairfield, supra,244 Conn. 107-08.
In count one, the minor plaintiff alleges that the board is vicariously liable for the negligence of the teacher in opening the door. No court has addressed the issue of whether the opening of a door is a discretionary or ministerial act, however, "[c]ommon sense is not to be left at the courthouse door."Meehan v. Meehan, 40 Conn. App. 107, 113, 669 A.2d 616, cert. denied, 236 Conn. 915, 673 A.2d 1142 (1996). Accordingly, the court finds that the facts alleged in count one require, in some measure, an exercise of judgment by the teacher. Therefore, the board is entitled to immunity unless an exception to this rule applies.
"The immunity for the performance of discretionary acts by a municipal employee is subject to three exceptions or circumstances under which liability may attach even though the act was discretionary: first, where the circumstances make it apparent to the public officer that his or her failure to act would be likely to subject an identifiable person imminent harm . . . second, where a statute specifically provides for a cause of action against a municipality or municipal official for failure to enforce certain laws . . . and third, where the alleged acts involve malice, wantonness or intent to injure, rather than negligence." (Citations omitted; emphasis added.)Evon v. Andrews, 211 Conn. 501, 505, 559 A.2d 1131 (1989). See also Shore v. Stonington, 187 Conn. 147, 153-55, 444 A.2d 1379
(1982).
The identifiable person-imminent harm exception is the only one relevant to this case. "The `[identifiable] person/imminent harm' exception to the general rule of governmental immunity for employees engaged in discretionary activities has received very limited recognition in this state." Evon v. Andrews, supra,211 Conn. 507. This exception has been construed "to apply not only CT Page 8329 to identifiable individuals but also to narrowly defined identifiable classes of foreseeable victims." Burns v. Board ofEducation, 228 Conn. 640, 646, 638 A.2d 1 (1994). In determining the scope of this exception to governmental immunity, courts have considered numerous criteria, "including the immunity of any potential harm, the likelihood that harm will result from a failure to act with reasonable care, and the identifiability of the particular victim." Id., 647. In applying these factors, the court in Burns v. Board of Education, supra, 649, held that school children, who are statutorily required to attend school, are an identifiable class of foreseeable victims.
In the present case, the minor plaintiff was a student at Jackie Robinson school in New Haven when the injury occurred. As a student at the school, the minor plaintiff was both an identifiable person and within a foreseeable class of victims. See Burns v. Board of Education, supra, 228 Conn. 646. The issue therefore is whether the minor plaintiff was subject to imminent harm.
In Purzycki v. Fairfield, supra, 244 Conn. 101, an eight year old second grade student was injured when he was tripped by another student in an unsupervised school hallway during a lunch recess period. In that case, the student brought an action against the town, the board of education and the school principal. The court held that because schoolchildren who are statutorily compelled to attend school can be an identifiable class of victims, the issue was whether there was sufficient evidence for a jury to have found that imminent harm existed under the circumstances.
The court explained that "[i]n Burns, it was critical to our conclusion that governmental immunity was not a defense that the danger was limited to the duration of the temporary . . . condition . . . [and that] the potential for harm . . . was significant and foreseeable. . . . Similarly, the present case involves a limited time period and limited geographical area . . . and it involves a temporary condition, in that the principal testified that every other aspect of the lunch period involved supervision. Finally, the risk of harm was significant and foreseeable, as shown by the principal's testimony that if elementary schoolchildren are not supervised, they tend to run and engage in horseplay that often results in injuries." (Citations omitted; internal quotation marks omitted.) Purzyckiv. Fairfield, supra, 244 Conn. 110. CT Page 8330
However, the present case is distinguishable from Purzycki. The minor plaintiff merely alleges that the teacher was negligent in opening the door. The plaintiff has not presented, by affidavit or otherwise, any evidence to show that the danger she was subject to was limited in duration, or that the potential for harm was significant, or foreseeable. The present cast is more analogous to Evon v. Andrews, supra, 211 Conn. 507, wherein the court held that governmental immunity was a defense because the injury could have occurred at any time or not at all. Accordingly, summary judgment is granted in the defendants' favor as to count one on the ground of governmental immunity.
 COUNT 2
Count two alleges a claim against the chairman of the board and the superintendent for negligent hiring and supervision. The defendants argue that they do not owe a duty to supervise the plaintiff and, therefore, they are immune from liability. The defendants further argue that if such a duty exists, it is discretionary in nature. Finally, the defendants argue that the hiring of the teacher was also a discretionary act. The plaintiffs counter that issues of fact exist as to whether a duty was owed and whether the acts complained of were discretionary or ministerial.
In Gordon v. Bridgeport Housing Authority, supra,208 Conn. 170, the court reiterated its adherence to the "public duty doctrine," which furnishes the starting point of a municipal liability analysis. In explaining the distinctions between public and private duties, the Supreme Court has held that "[ilf the duty imposed upon the public official. . . is of such a nature that the performance of it will affect an individual in a manner different in kind from the way it affects the public at large, the [action] is one which imposes upon the official a duty to the individual, and if the official is negligent in the performance of that duty he is liable to the individual." (Brackets in original; internal quotation marks omitted.) Roman v. Stamford,16 Conn. App. 213, 220, 547 A.2d 97, aff'd, 211 Conn. 396.559 A.2d 710 (1988). The determination of whether there is a public or private duty involves a question of law and is a matter for the court to decide.[3] See also Burns v. Board of Education,supra, 228 Conn. 646 (holding that "[t]he existence of a duty of care, an essential element of negligence, is a matter for the court to decide"). CT Page 8331
Therefore, the determination of whether a public or private duty exists involves a question of law, the court finds that in the present case the facts alleged in count two involve a public duty on the part of the defendants. See Viennese v. Graner, Superior Court, judicial district of New London at New London, Docket No. 524313 (June 28, 1993, Teller, J.) (9 CONN. L. RPTR. 306, 307) (holding that "[a] duty to supervise students is a public duty as it affects the students generally . . . .").
"[A]lthough the public duty doctrine provides the starting point of the analysis, distinctions between discretionary acts and ministerial acts are often controlling without regard to whether the duty is ascertained to be public or private." Gordonv. Bridgeport Housing Authority, supra, 208 Conn. 170; see alsoRoman v. Stamford, supra, 16 Conn. App. 221. The Supreme Court "has also discussed extensively the difference between a ministerial and a discretionary act. A municipality is immune from liability for the performance of governmental acts as distinguished from ministerial acts. Governmental acts are performed wholly for the direct benefit of the public and are supervisory or discretionary in nature. . . . On the other hand, ministerial acts are performed in a prescribed manner without the exercise of judgment or discretion as to the propriety of the action . . . ." (Citations omitted; internal quotation marks omitted.) Gordon v. Bridgeport Housing Authority, supra,208 Conn. 167-68; see also Burns v. Board of Education, supra,228 Conn. 645.
In Redfearn v. Ennis, 28 Conn. App. 398, 401, 610 A.2d 1338
(1992), the court held that "the determination of whether the act complained of constituted a ministerial or governmental act is a matter of law for the court to decide." See also Evon v. Andrews,supra, 211 Conn. 504 (holding that the trial court did not err when it granted the defendant's motion to strike because the allegations of the complaint "clearly [spelled] out discretionary governmental duties"); Heigl v. Board of Education, supra,218 Conn. 8 (concluding as a matter of law that the defendant was engaged in a discretionary activity and was therefore immune).
The court find that the facts alleged in count two require, in some measure, an exercise of discretion on the part of the defendants See Heigl v. Board of Education, supra, 218 Conn. 8
(holding that if a specific duty to supervise students exists, "actions pursuant to such a duty are discretionary if they are CT Page 8332 performed wholly for the direct benefit of the public"); Light v.Board of Education, 170 Conn. 35, 39-40, 364 A.2d 229 (1975) (holding that" [i]t has been recognized that matters concerning the employment of teachers require the board of education to exercise a broad discretion"). Accordingly, the court finds that the defendants are entitled to immunity as a matter of law.
The plaintiff in the present case merely asserts that issues of fact exist that preclude summary judgment. "[A] party opposing summary judgment[, however,] must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. . . . It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment]. "(Internal quotation marks omitted.) Home Ins.Co. v. Aetna Life Casualty Co., 235 Conn. 185, 202,663 A.2d 1001 (1995). Accordingly, summary judgment is granted in the defendants' favor as to count two on the ground of governmental immunity.
 COUNT 3
Count three alleges a claim against the city pursuant to General Statutes § 7-465.[4]
"A plaintiff bringing suit under General Statutes § 7-465
first must allege in a separate count and prove the employee's duty to the individual injured and the breach thereof. Only then may the plaintiff go on to allege and prove the town's liability by indemnification." (Internal quotation marks omitted.) Wu v.Fairfield, 204 Conn. 435, 438, 528 A.2d 364 (1987); Sestito v.Groton, 178 Conn. 520, 527, 423 A.2d 165 (1979). The municipality's liability is derived from the liability of its employee. Kaye v. Manchester, 20 Conn. App. 439, 443-44,568 A.2d 459 (1990). "Thus, in a suit under 7-465, any municipal liability which may attach is predicated on prior findings of individual negligence on the part of the employee and the municipality's employment relationship with that individual." Wu v. Fairfield,supra, 438.
In the present case; the plaintiff has failed to bring a separate action against the teacher. Accordingly, the court grants the defendants' motion for summary judgment as to count CT Page 8333 three of the plaintiff's complaint.
 COUNT 4
Count four incorporates all of the allegations of counts one, two and three and brought by the minor plaintiff's mother for damages for present and future medical expenses. Because summary judgment is granted as to counts one, two and three, the court also grants summary judgment in the defendants' favor as to count four.
For the foregoing reasons, the court grants the defendants' motion for summary judgment as to all four counts of the plaintiffs' complaint.
MORAN, J.