[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON PLAINTIFF'S POSTJUDGMENT MOTION FOR CONTEMPT (NO. 116)
The plaintiff has moved for contempt alleging the defendant has failed to abide by the terms and provisions of their stipulation executed on May 26, 1998, incorporated in the judgment of dissolution of their marriage entered the same date. The parties had been married in 1966 so that at the time of dissolution they had been married close to 32 years.
By the terms of the stipulation referred to above, a "base amount" of alimony was to be paid by the defendant to the plaintiff in the amount of $25,000 per year (paragraph 7 of the stipulation). Alimony was to be paid until the death of either party, the remarriage or cohabitation of the wife in accordance with the provisions of General Statutes § 46b-86
(b) (paragraph 2 of the stipulation). The stipulation included provisions for additional alimony in accordance with a formula therein set forth.
That formula made sense at the time because the defendant was then employed as a broker and financial advisor by Commonwealth Equity Services and Investmark, Inc. All payments for services rendered by the defendant were collected by his broker-dealer, Commonwealth Equities. Commonwealth would then deduct a fee of 10% for providing affiliation to the defendant as the broker-dealer under which he was a registered representative. After that 10% deduction, an additional 30% was paid to Investment Financial Services which provided all of the defendant's office expenses. The remaining 60% was distributed to the defendant.
The plaintiff's additional alimony then was based upon the defendant's income in Form 1040 Schedule C. The stipulation provides that the defendant's "Line 7" income (reference to Line 7 of Schedule C of Form 1040) was deemed to be $130,000 adjusted for deductions for miscellaneous fees and charges of a relatively minor nature (paragraph 8 of the stipulation). The stipulation provided that the plaintiff would receive as additional alimony one-third of all "Line 7 income" in excess of $130,000 (as adjusted) (paragraph 9 of the stipulation). CT Page 3121
The defendant observed these provisions of the stipulation for the balance of 1998, 1999, 2000 and 2001. The problems arose in 2002 when the defendant voluntarily changed his business arrangement, left Commonwealth Equities and Investmark and joined The Breakwater Group. The arrangement for the receipt by him of income became very different. Under his new arrangement, he receives an annual base salary of $75,000 from Breakwater. He then receives the first $165,000 of profit of The Breakwater Group. In 2002 he received $75,000 in wages, $55,000 in profit distribution and $10,000 in Schedule C income.
It is the plaintiff's position that during all of 2002 the defendant received money from Commonwealth Financial. The defendant received and supplied to the plaintiff semi-monthly statements from Commonwealth Financial. (See defendant's exhibit 6.) For the year 2002, these payments totaled $374,063. After adjustment, the amount was $345,561. The defendant maintains these sums were paid to Breakwater, that he did not receive them and that his gross income for the year 2002 amounted to $140,000.
The difficulty with the defendant's position is that each Commonwealth Financial statement reflects money paid to the defendant and shows the defendant's social security number. That money was paid directly to the defendant for the months of January, February and March. Thereafter, the money, pursuant to the defendant's instructions, was wired directly to Breakwater's account. The money paid to the defendant was for commissions earned by him. Those commissions were paid by Commonwealth to the defendant during all of 2002. The plaintiff's accountant has testified that the defendant received $345,561. Based upon the formula set forth in the parties' stipulation, the plaintiff was to receive her $25,000 base and by way of additional alimony the sum of $71,883.95. (See plaintiff's exhibit E.) She received the base amount of $25,000 and an additional sum of $3,996.
Plaintiff's exhibit E sets forth the computation of additional alimony which the plaintiff was to have received in 2002. The exhibit was prepared by the plaintiff's accountant and shows an amount of $71,883.95 by way of additional alimony owed to the plaintiff. From this must be subtracted the amount of $3,996 paid by the defendant to the plaintiff. The court finds this additional alimony in the amount of $67,887.95 is due to the plaintiff.
The remaining question is whether the defendant is in contempt for his failure to abide by the orders of the court. The defendant himself testified that he understood his alimony obligation and that he CT Page 3122 considered the impact on the plaintiff of his financial arrangement with Breakwater. For the defendant to be found in contempt, the plaintiff must show that there has been noncompliance with the orders of the court and such noncompliance was wilful. See Meehan v. Meehan, 40 Conn. App. 107
(1996). The court finds a wilful failure to abide by the terms of the parties' stipulation which was incorporated in the judgment.
The plaintiff seeks counsel fees in the amount of $7,500 and expert fees of $1,750. Section 46b-87 of the General Statutes permits the award of counsel fees to be paid by the person found in contempt. The court finds a fee of $7,500 to be a fair and reasonable fee and orders that plaintiff's counsel shall be paid the total sum of $7,500.
The defendant is found to be in arrears on his alimony obligation to the plaintiff in the amount of $67,887.95, to December 31, 2002. He is found in contempt and ordered to pay the plaintiff the sum of $67,887.95 and $7,500 to plaintiff's counsel to purge himself of this contempt in installments as follows:
1. Commencing April 1, 2003, and monthly thereafter on the first of every month the sum of $5,000 to and including the month of May 2004.
2. On June 1, 2004, the sum of $2,887.95.
The defendant shall pay counsel fees to plaintiff's counsel in the amount of $3,500 on or before April 1, 2003, and a second payment of $3,750 on or before May 1, 2003.
Orders will enter in accordance with the foregoing.
 EDGAR W. BASSICK, III JUDGE TRIAL REFEREE
CT Page 3123